(No. 49743.—

J. M. JONES COMPANY, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.*—(Michael A. Paul, Appellee.)

*Opinion filed April 3, 1978.—Rehearing denied May 26, 1978.*

Henry D. Noetzel & Associates, of Peoria (J. Jay Robeson, of counsel), for appellant.

Ansel, Eisenberg & Marsh, of Champaign (Marc J. Ansel, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Michael J. Paul, had suffered an accidental injury while employed by respondent, J. M. Jones Com-

pany, and awarded him compensation for a period of temporary total disability of 5 3/7 weeks. Pursuant to section 19(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(b)) the arbitrator found "that the injuries sustained caused the disabling condition of said petitioner; that the disabling condition is temporary and has not yet reached a permanent condition"; and that "This award in no instance shall be a bar to a further hearing and determination of a further amount of temporary total compensation or of compensation for permanent disability."

On review, the Industrial Commission heard additional evidence and affirmed the award. Both petitioner and respondent sought *certiorari*. The circuit court of Champaign County confirmed the decision but remanded the cause to the Industrial Commission for further proceedings "specifically to make a ruling as to petitioner's entitlement to any additional temporary total disability and/or medical services through the date of review before the Commission *** ."

Prior to reviewing the substantive issues in this appeal, we consider respondent's contention that the circuit court, on *certiorari,* may only confirm the decision of the Industrial Commission or set it aside and may not, as it did here, remand the cause for the purpose of updating the award to the time of the Commission's affirmance of the arbitrator's order. Corollary to the question raised by respondent is the question whether, in view of the remanding order, the judgment appealed from is final and appealable.

This court has consistently held that when the circuit court has reversed and remanded awards other than the type here involved, the orders are interlocutory and not appealable. *Allis Chalmers Manufacturing Co. v. Industrial Com.* (1971), 50 Ill. 2d 2; *Wellman-Lord, Inc. v. Industrial Com.* (1971), 48 Ill. 2d 533; see *Nichols v. Industrial Com.*

(1971), 49 Ill. 2d 431; *Mayrath Co. v. Industrial Com.* (1965), 33 Ill. 2d 224.

Section 19(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(b)) in pertinent part provides:

> "The Arbitrator *** may find that the disabling condition is temporary and has not yet reached a permanent condition and may order the payment of compensation up to the date of the hearing, which award shall be reviewable and enforceable in the same manner as other awards, and in no instance be a bar to a further hearing and determination of a further amount of temporary total compensation or of compensation for permanent disability, but shall be conclusive as to all other questions except the nature and extent of said disability."

We have held that an appeal will lie from an order of the circuit court confirming such an award. *Stockton v. Industrial Com.* (1977), 69 Ill. 2d 120.

Section 19(e) of the Workmen's Compensation Act provides that if a petition for review is filed "the Commission shall promptly review the decision of the Arbitrator *** and all questions of law or fact which appear from the statement of facts or transcript of evidence, and such additional evidence as the parties may submit. After such hearing upon review, the Commission shall file in its office its decision thereon ***." Although we find no statutory impediment to its so doing, and agree with the circuit court that this record contains sufficient evidence upon which to decide the question, we conclude that the Commission was vested with discretion to determine whether some further amount of temporary total compensation or compensation for permanent disability should be awarded at that time or, as it did, merely affirm the award. The Commission was vested by statute with jurisdiction to make the determinations directed by the circuit court, and the order of the circuit court

remanding the cause for that purpose was a nullity. We hold that the order appealed from is a final, appealable order, reviewable by this court.

Respondent contends that the Commission's decision is against the manifest weight of the evidence. It argues that "the petitioner's testimony standing alone is not sufficient to sustain an award where it is contradicted, uncorroborated and his subsequent conduct is inconsistent." It argues too that to sustain the award for temporary total disability "the evidence must show not only failure to work but inability to work."

The testimony shows that petitioner was employed as an "order picker" in respondent's warehouse. A forklift driven by another employee struck him in the back and knocked him against a metal beam. On complaint to respondent's physician he was given a muscle relaxant for a chest and arm injury. After missing several days of work he was assigned to lighter duties and, approximately six weeks later, when he returned to his regular duties, suffered back pains. Three months later he returned to work for one day and fainted while attempting to lift a box which weighed approximately three pounds. At the hearing before the arbitrator, petitioner's physician testified that he had made a diagnosis of acute "sacrospinalis strain," and at the hearing before the Commission he testified that he had made a diagnosis of a herniated disc and was contemplating surgery.

The testimony shows that in addition to his employment with respondent petitioner drove a school bus for approximately three hours each day. Although he was no longer working for respondent, he continued to drive the bus for approximately seven months after the injury, when he ceased to do so because of leg pains associated with his back injury.

Respondent contends that because petitioner was employed part time as a bus driver, he may not be awarded

temporary total disability. In *E. R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, we said: "Evidence that the employee has been or is able to earn occasional wages or to perform certain useful services neither precludes a finding of total disability nor requires a finding of partial disability. (*E.g., Smallwood v. Industrial Com.* (1972), 53 Ill. 2d 151, 156; *Universal Bleacher Co. Service Co. v. Industrial Com.* (1969), 43 Ill. 2d 168.) For the purposes of section 8(f) [section 19(b)], a person is totally disabled when he cannot perform any services except those for which no reasonably stable labor market exists." 71 Ill. 2d 353, 361-62.

From our examination of the record we conclude that the fact that petitioner, for some period of time following his injury, could drive a school bus for a 1¼-hour period each morning and afternoon does not require reversal of the Commission's finding that he was, for the period of time involved, temporarily totally disabled. Concerning the issue of causation, the circuit court correctly found that the Commission's decision is not contrary to the manifest weight of the evidence.

For the reasons stated, the judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*