(No 53309.—

LAWRENCE D. JACOBSON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Service Woodworking Co., Appellee).

*Opinion filed February 3, 1981.—Rehearing denied March 27, 1981.*

154

SIMON, J., took no part.

Arnold and Hennessy, of Chicago (Robert A. Hennessy and Thomas M. Doyle, of counsel), for appellant.

John F. Power III of Roddy, Power & Leathy, Ltd., of Chicago, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

An arbitrator for the Industrial Commission awarded the claimant, Lawrence D. Jacobson, compensation of $124.30 per week for 47 2/7 weeks, or $5,877.62 as

temporary total disability of which $2,858.90 has been paid to the claimant. The arbitrator also awarded the claimant $2,748.01 for health care services. The Industrial Commission reversed and held for naught the arbitrator's award. On a writ of *certiorari*, the circuit court of Cook County confirmed the Commission's decision. The matter comes to this court on direct appeal pursuant to Rule 302(a). 73 Ill. 2d R. 302(a).

The claimant worked as a janitor for the respondent, Service Woodworking Co. He alleges he injured his left knee at work on May 6, 1978. Part of his duties included carting 55-gallon drums filled with scrap wood, sawdust and wood chips, out behind the shop and dumping the contents of the drums into a dumpster or large trash container.

The claimant alleges that on Saturday, May 6, 1978, at approximately 12:30 p.m., as he lifted a three-quarter-full 55-gallon drum into the dumpster, the drum slipped and fell, striking the interior of his left knee. The claimant did not report the incident to anyone. He left work at 1 p.m., the time he was supposed to leave that day. The claimant testified that there was no pain or swelling until the next day, Sunday. Near midnight on May 7, 1978, the defendant went to Ingalls Memorial Hospital in Harvey where he was treated, issued a pair of crutches, and discharged. On Monday morning, May 8, the claimant went to work to notify his employer of his injury, and to state that it was caused by the accident on Saturday.

Medical records were admitted at the hearing before the arbitrator and the Commission which indicated that the claimant suffered a tear of the left medial meniscus of the knee. The hospital records also corroborated claimant's assertion that the injury occurred as he said it did.

One of the claimant's supervisors, John Palmer, testified before the Commission that the claimant had help dumping the drums a "majority" of the time. Celestino

Antonini, another supervisor, testified in the same hearing that the claimant needed help to empty the drums because they were too heavy to dump alone when they were full.

At the hearing before the Commission two 55-gallon drums were admitted into evidence. One drum was approximately one-half full; the other was described as full by both the claimant and John Palmer.

We will not reverse a decision of the Industrial Commission unless it is against the manifest weight of the evidence. This is true even if, had we been the triers of fact, we would have reached a conclusion different from the Commission's. (*Caterpillar Tractor Co. v. Industrial Com.* (1980), 81 Ill. 2d 416, 421.) It is for the Commission to resolve conflicting testimony, judge the credibility of the witnesses, and make inferences. *Pazara v. Industrial Com.* (1980), 81 Ill. 2d 76, 80.

Our review of the record reveals that the claimant's version of his accident is uncontradicted. Palmer testified that claimant received help in dumping the drums a "majority" of the time. Obviously, the claimant dumped some of them with no help. Antonini testified that the claimant needed help when the drums were full. The drum which struck the claimant was only three-quarters full. Additionally, the claimant was only required to lift the three-foot-high drum one foot in order to place it on the rim of the four-foot-high container, and then tip in the contents. Thus, it is highly plausible that the effort required to empty the drum was not beyond the ability of the 155-pound claimant. Moreover, the claimant's version of the accident is corroborated by the medical records introduced into evidence. Finally and most importantly, it is undisputed that the claimant did suffer a knee injury which required medical treatment, including surgery, and no other reasonable explanation has been offered or is readily inferable as to how the claimant was injured. We think that, under these circumstances, the Commission

was incorrect to discount the claimant's version of events. The Commission's decision is therefore contrary to the manifest weight of the evidence which clearly indicates that the claimant injured his knee at work when the drum he was lifting struck him. See *General Time Corp. v. Industrial Com.* (1975), 60 Ill. 2d 32. 36.

Accordingly, for the reasons stated, the judgment of the circuit court of Cook County is reversed and the matter is remanded to the Industrial Commission for further proceedings consistent with this opinion.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.