(No. 53595

KROPP FORGE COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (James Daniel Worthey, Appellee).

*Opinion filed June 4, 1981.*

Thomas P. Haugh, of Chicago (Thomas J. Flynn, of counsel), for appellant.

Stanford L. Lambert, of Cohn, Lambert & Ryan, of Chicago, for appellee.

MR. JUSTICE SIMON delivered the opinion of the court:

Kropp Forge Company appeals a judgment of the circuit court of Cook County confirming an award of the Industrial Commission.

The claimant, James Worthey, was hurt on the job on June 7, 1977, when a grinding wheel hit him in the leg. The leg was first kept in traction for six weeks, with the wound open; then the leg and the claimant's torso were put into a cast. When the cast was removed, whirlpool baths for the leg and other therapy started. Eventually, although the leg was still swollen and painful, the doctors released the claimant for light work.

He had been a millwright with Kropp Forge for 22 years; his job was heavy work, requiring climbing and lifting, which he could no longer do. Kropp Forge gave him a job as a timekeeper, which consisted of various paper work, answering phones, and answering questions from foremen. The claimant had never done that kind of work before. Kropp Forge began training him on the job.

The claimant testified that timekeeping made him extremely nervous and uncomfortable. He felt that it was a job he could not perform. The job made the pain in his leg worse. Most of his stomach had been removed some years before, for ulcers; and he found that the timekeeper's work so upset him that he could hardly eat. After less than a month on that job, he asked for a leave of absence to visit his invalid mother in Tennessee.

When the claimant returned, he asked for a different job; but Kropp Forge told him nothing was available. The claimant refused to continue as a timekeeper. Apart from the few weeks on the timekeeper's job, he did not work from the day of his accident to the day of the hearing before the Commission. He did ask Kropp Forge from time to time about jobs he heard might be available; but each time, Kropp Forge turned him down. One job was tied to

the wrong union; another was filled exclusively from a labor pool; another was not a full-time job; several were too strenuous for the claimant's medical condition. In its brief in this court, Kropp Forge says that in a telephone call approximately 2½ months after the arbitration hearing, the claimant inquired about a job in the stockroom, but did not specifically ask if he could have it. He was told that he had already been offered the timekeeper's job.

The arbitrator awarded the claimant payments for temporary total incapacity for a period ending when he was pronounced fit for light work and started the timekeeper's job. The arbitrator also found the claimant permanently disabled to the extent of a 60% loss of use of the leg. The Commission found that at the time of the hearing the claimant's condition had not yet become stable, and awarded temporary total compensation from the accident to the date of the hearing, except for the period when the claimant was working as a timekeeper.

On appeal, Kropp Forge complains mainly of another part of the Commission's order, requiring Kropp Forge to pay for any necessary vocational rehabilitation of the claimant. That issue, says Kropp Forge, was not properly before the Commission, and no evidence was presented.

We find the Commission's order in this regard to be entirely harmless and uncontroversial. It simply incorporates the statutory language requiring the employer to pay for necessary rehabilitation (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(a)). No specific program of rehabilitation has been directed, and Kropp Forge has not been ordered to pay for anything in particular. The details of what training and instruction, if any, may be necessary and appropriate cannot be settled until the claimant's prognosis becomes clearer. As the circuit court recognized, whatever disputes Kropp Forge may have with the claimant and the Commission on this subject are for the future. And, Kropp Forge to the contrary, the company has not been ordered to

*provide* rehabilitation, only to pay for it; the word "provide" appears in the Commission's decision only casually, in an introductory paragraph devoted primarily to the issue of total incapacity.

In summary, details of the specific type of training and the extent of the training for which Kropp Forge would be required to pay were left for future determination by the Commission in the event the parties could not agree. Any objections that Kropp Forge may have to any particular type of rehabilitation on the ground that it is unnecessary can be advanced at a future hearing.

Kropp Forge also contests the Commission's finding that the claimant was temporarily totally incapacitated during the time when he refused to work as a timekeeper. That finding, however, was not against the manifest weight of the evidence, and will not be overturned.

The Commission had before it evidence of the claimant's medical history, heard him describe his symptoms and physical disabilities during the time in question, and inspected the leg itself. On appeal, Kropp Forge stresses that the claimant received no treatment from a doctor after he left the timekeeper's job. However, with proper home care, a person may continue to heal even without professional help. The Commission's finding that the claimant's condition had not yet stabilized, but at the time of the hearing was still improving, thus still "temporary," was not against the manifest weight of the evidence.

Neither was the finding that the temporary incapacity was total against the manifest weight of the evidence. Kropp Forge insists that the claimant could and should have continued to work as a timekeeper. But there was evidence that that job aggravated the claimant's leg and stomach ailments to the point of extreme physical discomfort and perhaps danger. While there was no medical evidence that the job caused the problems, expert testimony is not needed to support such a conclusion. When

effects commonly associated with stress appear as someone is shifted from a heavy laboring job to one requiring a volume of paperwork, attention to detail, and response to numerous inquiries, and then disappear when he stops that work, an inference of causation is so apparent that even laymen can draw it. (See *Consolidated Freightways, Inc. v. Industrial Com.* (1976), 64 Ill. 2d 312 (Act does not require objective findings of disability or of the effect of any injury upon the claimant); *Westinghouse Electric Co. v. Industrial Com.* (1976), 64 Ill. 2d 244 (medical testimony not required to establish causation and disability).) Kropp Forge presented no evidence suggesting that the claimant's increased distress was unrelated to the demands made upon him by the timekeeping job.

Nor does the claimant's failure to seek medical treatment when, he says, the job worsened his condition cast such doubt on his story as to require the Commission to conclude that the claimant is lying about the job's effects on him, as Kropp Forge hints. The claimant recognized and removed the source of his distress by leaving the timekeeper's job, and his condition improved. His failure to see a doctor in those circumstances was not totally unbelievable. Assessing the credibility of witnesses is the Commission's function, not ours. (*Jacobson v. Industrial Com.* (1981), 84 Ill. 2d 153, 156.) The Commission believed the claimant; we cannot say that its conclusion was against the manifest weight of the evidence. A person does not need a doctor to know when he is nervous and in pain and unable to eat; and there is no evidence to refute the claimant's testimony that he suffered from these problems during his stint as a timekeeper.

Kropp Forge provided no work for the claimant that he could perform without danger to his health, and appeared to shun claimant's inquiries about the availability of other jobs that might be suitable. It is likely that other employers would hesitate to hire and train a man with a

bad leg who was oversensitive to stress for a kind of job he had never done before, knowing that, based on the timekeeping experience, he might be unable to do even "light" work, and that, in any case, he would probably quit as soon as his condition improved enough for him to handle a heavier job. We must accept the Commission's finding that "Petitioner has made a *prima facie* case that he *** can not do the only job available to him, that of timekeeper, due to his *** condition." As Kropp Forge made no attempt to show what kind of work the claimant could obtain and perform until he was better, the Commission could properly find that there was no steady work available to the claimant that he could perform without endangering his health.

Apart from details of proof, this case is much like *Firestone Tire & Rubber Co. v. Industrial Com.* (1979), 76 Ill. 2d 197. In that case, this court upheld an award of temporary total compensation for a claimant who had injured an arm, although the employer gave him work that could physically be done with one arm, and although the claimant was able to paint his house.

Worthey was, therefore, temporarily totally incapacitated for work, and was entitled to payments under section 8(b) of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(b)).

The judgment of the circuit court is affirmed.

*Judgment affirmed.*