YELLOW FREIGHT SYSTEM, INC., Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (Joseph Cromer, Appellee).

Third District (Industrial Commission Division)   No. 3—84—131 WC

Opinion filed June 8, 1984.

Stephen M. Masters and Walter Z. Rywak, both of Stephen Masters & Associates, of Joliet, for appellant.

John Falasca, of Joliet, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Claimant, Joseph Cromer, sought workers' compensation benefits for injuries sustained while he was employed by Yellow Freight System, Inc. An arbitrator awarded Cromer temporary total disability for the period from July 21, 1980, to July 23, 1981. The employer sought review before the Industrial Commission, which affirmed the arbitrator's award and extended it to July 28, 1982. The employer sought review in the circuit court of Will County by writ of *certiorari*. The court confirmed the decision of the Commission, and the employer appeals.

On appeal the employer contends that the claimant failed to prove that he was temporarily totally disabled and that the Commission's decision is contrary to the manifest weight of the evidence.

Cromer testified before the arbitrator that on July 21, 1980, he was employed by respondent as a semi-truck driver. In addition to driving the truck, his duties consisted of loading and unloading the semi-trailer. The average weight of the objects he loaded and unloaded was 100 pounds.

On the day in question, Cromer was loading 100-pound cartons of tile when he noticed a snapping sensation in his back. The back pain immediately radiated into his legs. He worked the following two days and has not worked since. Cromer testified that he experienced pain in his back all of the time and was unable to stand or sit for any length of time. He wore a back brace at all times and took medication for his pain.

At the time of the injury, Cromer was 55 years old and had an eighth-grade education. He had worked for respondent as a truck

driver for eight years, and prior to that he had worked for a construction company in the same capacity. Cromer testified that since his injury he sought employment at a rehabilitation center in Joliet and in Morris. Cromer also stated that he had no training which would qualify him for work other than as a truck driver or doing manual labor. His doctor had not released him for work.

Cromer saw Dr. John Nicosia, his family physician, on July 24, 1980. Dr. Nicosia's reports, which were introduced into evidence, revealed that he ordered Cromer off work and treated him with relaxants, physical therapy and medication. In Dr. Nicosia's opinion, Cromer was unable to perform any job which required lifting any item over 10 pounds or included repetitive bending. Dr. Nicosia also stated that Cromer would be unable to sit in one position for more than a half hour without experiencing severe back discomfort. On December 11, 1980, Dr. Nicosia referred Cromer to Dr. Michael Greenwald.

Dr. Greenwald testified by means of an evidence deposition that Cromer was suffering from an acute chronic lumbar strain and was to remain off work. In addition to prescribing a back brace, Dr. Greenwald told Cromer to use a cane for walking long distances. Dr. Greenwald stated that Cromer could not perform a job which required loading or unloading of freight, climbing in or out of a high cab, or driving long distances.

Pursuant to the arbitrator's order that Cromer receive an independent physical examination, Dr. Carlo Scuderi examined him and submitted a report. Dr. Scuderi found that Cromer walked with a definite limp, and had a flattening of the normal lumbar curve. Dr. Scuderi diagnosed Cromer as having a possible atypical herniated disc of the lumbar spine. In his opinion, Cromer's back condition would not permit him to work.

Respondent introduced testimony that Cromer was observed sitting in a bar for approximately 90 minutes on August 28, 1981. Cromer left the bar walking normally without a cane.

Respondent also introduced into evidence movies of Cromer which were viewed by the arbitrator and Commission. In its decision upholding the arbitrator's award, the Commission noted that it viewed movies which showed Cromer walking fairly slowly and walking with a slight limp. The Commission also commented that it did not observe anything in the movies inconsistent with the findings of the arbitrator or doctors.

On appeal the employer contends that Cromer failed to prove that he was entitled to total disability benefits within the meaning of the Workers' Compensation Act. It maintains that Cromer did not estab-

lish that he was unfit for other types of employment. We do not agree.

A claimant has the burden of proving all the elements of his case, including the extent and permanency of the injury, in order to recover benefits under the Workers' Compensation Act. (*A.M.T.C. of Illinois, Inc. v. Industrial Com.* (1979), 77 Ill. 2d 482, 397 N.E.2d 804.) A person is totally disabled when he cannot perform services except those that are so limited in quantity, dependability or quality that there is no reasonably stable market for them. (*J.M. Jones Co. v. Industrial Com.* (1978), 71 Ill. 2d 368, 375 N.E.2d 1306.) Temporary disability is a condition which exists until the injured workman is as far restored as the permanent character of his injury permits. (*Howard v. Industrial Com.* (1980), 81 Ill. 2d 50, 405 N.E.2d 750.) Whether the petitioner was temporarily totally disabled is a question of fact for the Commission, and its decision will not be set aside unless it is against the manifest weight of the evidence. (*McKay Plating Co. v. Industrial Com.* (1982), 91 Ill. 2d 198, 437 N.E.2d 617.) Evidence that the employee is able to earn occasional wages or perform useful services does not preclude a finding of total disability. *Firestone Tire & Rubber Co. v. Industrial Com.* (1979), 76 Ill. 2d 197, 390 N.E.2d 907; *E. R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, 376 N.E.2d 206.

In the present case, Cromer was a 55-year-old man with an eighth-grade education. His unrebutted testimony was that he had no training which would qualify him for work other than as a truck driver or doing manual labor. Cromer also stated that, although the doctor had not released him for work, he sought employment in Joliet and Morris. It was Dr. Nicosia's opinion that Cromer was unable to perform any job which required lifting, bending or climbing, and that he could not sit in one position for more than a half hour. Dr. Greenwald testified that Cromer was to remain off work and that he would not be able to tolerate repetitive bending. Dr. Scuderi stated that Cromer was unable to work.

There was ample evidence to support the Commission's decision that Cromer was temporarily totally disabled when all the factors are considered: Cromer's age, work history, education, lack of training for other occupations, his attempts to find other employment, the restrictions placed on his activities by Drs. Nicosia and Greenwald, and Dr. Scuderi's belief that Cromer was unable to work. (*Kropp Forge Co. v. Industrial Com.* (1981), 85 Ill. 2d 226, 422 N.E.2d 613.) Accordingly, the Commission's decision is not contrary to the manifest weight of the evidence and will not be disturbed.

For the foregoing reasons, the judgment of the circuit court of Will County confirming the decision of the Industrial Commission is affirmed.

Judgment affirmed.

SEIDENFELD, P.J., BARRY, WEBBER and KASSERMAN, JJ., concur.