GILBERT BANKS, Appellant, v. THE INDUSTRIAL COMMISSION et al. (Oscar Mayer & Co., Appellee).

Fourth District (Industrial Commission Division)   No. 4—84—0677WC

Opinion filed June 18, 1985.

Frank S. Calandrino, of Calandrino, Logan & Berg, P.C., of Springfield, and Roger D. Lapan, of Bloomington, for appellant.

Rammelkamp, Bradney, Hall, Dahman & Kuster, of Jacksonville (Nancy Homann, of counsel), for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Petitioner, Gilbert Banks, filed this action pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, pars. 138.1 through 138.28), seeking compensation for an alleged accident he suffered while employed by respondent, Oscar Mayer & Co. In denying compensation, the arbitrator found petitioner had failed to establish that he had sustained accidental injuries arising out of and in the course of his employment with respondent. This decision was affirmed by the Industrial Commission (Commission), and confirmed by the circuit court of Cass County. Petitioner has filed a timely notice of appeal. The only issue raised by this appeal is whether the finding of the Commission that no accident occurred which arose out of and in the

course of petitioner's employment is contrary to the manifest weight of the evidence. We affirm.

Petitioner filed his application for adjustment of claim on May 7, 1979. The hearing was held before arbitrator Ruth W. White and began on July 11, 1979. Petitioner testified that he was injured on October 6, 1978, when he lifted bags of meat weighing approximately 75 pounds from a conveyor. While lifting the bags, petitioner stated his foot slipped on a piece of meat which had been left on the floor. As a result, petitioner fell to the ground on his left side and experienced pain immediately on his right side.

After reporting to the nurse's office, petitioner performed office work for the remainder of his shift. Petitioner continued working after the day of the incident until the end of October 1978, but performed a different job. The next day after the accident, petitioner was examined by Dr. Hyde, the company doctor, who prescribed medication and physical therapy and eventually recommended that petitioner not work for four months. The parties agree petitioner was paid workers' compensation benefits at the proper rate for this period.

Petitioner returned to work on light duty after this four-month recuperation period. In June of 1979, defendant was suspended from his job with respondent and was terminated on July 12, 1979. The propriety of petitioner's termination is not raised on appeal.

On cross-examination, petitioner admitted he had injured his back in two separate work-related accidents in March and May of 1977, and had filed compensation claims for both injuries. Petitioner stated he had seen approximately four or five doctors since the March 1977 accident because he continued to experience pain and some of these doctors had not given him a specific diagnosis. Respondent attempted to impeach petitioner with answers he gave at an arbitration hearing held on November 4, 1977, concerning the two earlier claims for back injuries he had sustained while employed by respondent. Also introduced at the hearing were certain medical reports of doctors based upon their examinations of petitioner.

After hearing the evidence, the arbitrator ruled on September 30, 1980, that petitioner had failed to prove that he had sustained accidental injuries arising out of and in the course of his employment with respondent. Petitioner filed a petition for review of decision of arbitrator on October 27, 1980, and review proceedings were held on June 29, 1982, at which petitioner introduced two exhibits which he conceded in his brief to this court are not relevant to this appeal. On May 5, 1983, the Commission affirmed the arbitrator's decision, and

on August 21, 1984, the circuit court of Cass County confirmed the decision of the Commission.

■■ ■ Petitioner asserts on appeal that this case presents only a question of law because no factual dispute exists nor can conflicting inferences be drawn from the incident. Both parties agree that the only question raised on appeal is whether petitioner sustained an accident.

Petitioner contends that respondent only challenged the existence of an accident on the arbitrator's request-for-hearing form and that respondent's cross-examination of petitioner with respect to two previous workers' compensation claims was only germane to the issue of causation and not to the question of whether petitioner sustained an accident. We disagree.

In the stipulation of the parties submitted at the arbitration hearing, respondent's position was that petitioner's pain experienced on the date in question was not the result of an accident, but rather was a continuation of prior back problems. Moreover, respondent's cross-examination of petitioner revealed inconsistencies in his testimony. In his direct examination at the arbitration hearing, he testified that the pain experienced during his two previous back accidents had only lasted for 30 to 60 days. However, during cross-examination, he was impeached by his direct-examination testimony at the November 4, 1977, hearing, in which he stated he was only free of pain when he relaxed and that he experienced pain whenever he lifted anything heavy. Confronted with his earlier testimony, petitioner admitted that the pain from the 1977 accident lasted longer than 60 days.

Based upon the discrepancies in his testimony given at the two hearings and on the fact that petitioner continued working for respondent for more than three weeks after the alleged accident, respondent advances two interpretations of the incident: (1) petitioner may have lied about the accident because his previous inconsistent statements concerning the duration of the pain for his previous injuries demonstrate he is unworthy of belief; and (2) any pain he suffered on October 6, 1978, was merely the result of his previous injuries and did not involve any new injury. The success of either theory is predicated in part on the credibility of petitioner. As the Commission stated in its order, "The basic questions on the issue of accident were dependent on evaluation of the credibility of the witnesses." We agree with the Commission and respondent that conflicting inferences can be drawn from these facts and thus, the issue on appeal is not one of law capable of resolution without deference to the Commission's findings. Rather, the question is whether the decision of the

Commission is against the manifest weight of the evidence.

Petitioner principally relies upon *Jacobson v. Industrial Com.* (1981), 84 Ill. 2d 153, as factually analogous to the instant case. In *Jacobson*, the claimant alleged that he injured his knee at work while lifting a 55-gallon drum which was 75% full into a dumpster. Experiencing no pain on the day of the accident, he did not go to the hospital until the next day, Sunday, and then reported the injury to his employer the next Monday. Both the medical records and hospital records corroborated the claimant's assertion that the injury occurred as he said it did. The only evidence presented by the employer before the Commission was the testimony of two witnesses; a supervisor who testified that the claimant needed help to empty drums when they were full, and another supervisor who stated that the claimant received help the majority of the time when he emptied the drums.

In considering this evidence, the supreme court noted that none of the testimony contradicted the claimant's rendition of the accident. Because the claimant testified the drum he lifted on the day of the accident was 75% full, his story was not contradicted by the supervisor's statement that the claimant could not lift a drum which was full. Likewise, the other supervisor's testimony that the claimant had help "a majority" of the time necessarily acknowledged that the claimant lifted the drum alone on other occasions. In addition to the uncontradicted testimony of the claimant, the court found very significant that neither party disputed that the claimant had suffered a knee injury "and no other reasonable explanation has been offered or is readily inferable as to how the claimant was injured." (*Jacobson v. Industrial Com.* (1981), 84 Ill. 2d 153, 156.) The *Jacobson* court therefore concluded the Commission's decision was contrary to the manifest weight of the evidence.

*Jacobson* is distinguishable from the case at bar. The most significant difference is that here, respondent presented a reasonable alternative explanation for petitioner's injury—his two previous back injuries—the last of which occurred approximately 16 months prior to the October 6, 1978, incident. The absence of an alternative explanation for the claimant's knee injury in *Jacobson* was cited by that court as a significant factor warranting reversal of the Commission's decision to deny the claimant benefits. An additional distinguishing factor is the absence of evidence in *Jacobson* challenging the claimant's credibility. The testimony of Jacobson's supervisors when read in conjunction with his testimony regarding the accident raised no inconsistencies. In contrast, petitioner here had sustained two previous back injuries which necessarily raised the possibility that no new accident

had occurred. Furthermore, in *Jacobson* the medical and hospital records introduced at the arbitration hearing corroborated the claimant's description of the accident. While petitioner relies upon the fact that several doctors in their written reports referred to the accident in October of 1978, respondent asserts and we agree that such statements amount to nothing more than their transcription of petitioner's medical history, which he had related to the doctors. Interpreted in this manner, the reports do not corroborate the fact that the accident actually occurred, and thus, the absence of corroboration distinguishes this case from *Jacobson*.

Respondent relies upon the more recent case of *Lyons v. Industrial Com.* (1983), 96 Ill. 2d 198, as more closely analogous factually to the instant case. In *Lyons*, the claimant, a Greyhound bus driver, alleged that he had injured his back while loading some boxes onto a bus. Although he testified he felt a sharp twinge while loading the boxes, no other witnesses testified that the accident occurred. He did not report the incident that day and continued to work for several days until the pain compelled him to see a doctor. After examining the claimant, the doctor diagnosed the condition as an acute disc problem and performed surgery to remove a ruptured disc. In a postoperative examination, a different doctor acknowledged that the claimant had sustained a lower back injury prior to the incident.

After reviewing this evidence, the Commission concluded that no accident had occurred. On review, the supreme court agreed, finding significant that the claimant had experienced back pain prior to the incident and did not inform anyone regarding his accident for several days. Also relevant were the facts that no witnesses viewed the accident and that the claimant did not inform the doctors of his accident. Relying on *Jacobson v. Industrial Com.* (1981), 84 Ill. 2d 153, as does petitioner here, the claimant in *Lyons* argued that a finding of accident was warranted despite the absence of other witnesses, because no other reasonable explanation for his discomfort could be inferred from the record.

Distinguishing *Jacobson*, the supreme court interpreted the record in that case as providing affirmative indications that the accident occurred as the claimant said it had. In contrast, "there is no direct evidence of a lifting injury aside from Lyons' own assertions that one occurred, and there is undisputed evidence of a preexisting physical condition which may not have been work related and which may have culminated in a herniated disc." (*Lyons v. Industrial Com.* (1983), 96 Ill. 2d 198, 203.) This case can be distinguished from *Jacobson* on the same bases as was *Lyons*. No witnesses other than petitioner testified

that an accident occurred, and the record contains uncontradicted testimony that petitioner had suffered two previous back injuries. While petitioner here did immediately report the accident to the company nurse, while the claimant in *Lyons* delayed informing his employer, this distinction is not significant in light of the probative evidence that petitioner suffered from a preexisting back condition.

The facts supporting a finding of accident, in fact, were more persuasive in *Lyons* than are those in the case at bar. In *Lyons,* one doctor in his report stated his opinion that the lifting of the luggage on that particular date reinjured or aggravated the claimant's back condition. Therefore, the record in *Lyons* contained some evidence supporting the conclusion that an accident on the date in question had occurred.

In contrast, the medical reports introduced into evidence in the case at bar do not directly attribute petitioner's condition to the incident. Dr. Wesley Betsill, in his report introduced as petitioner's exhibit No. 3, stated that petitioner *related to him* that he was injured while lifting 75-pound bags during his employment with respondent. While the report does indicate that petitioner admitted he had suffered two previous back injuries, absent is any opinion by Betsill that petitioner's lower back pain was actually the result of an accident in October 1978, and not simply the result of his previous back injuries. Similarly, Dr. Roger Traycoff's report offered as respondent's exhibit No. 2 is devoid of any independent acknowledgment that the incident in October 1978 actually occurred. Our reading of the report convinces us that the facts cited therein were merely a transcription of what petitioner told Traycoff about the injury. The narrative in the report is interspersed with phrases like "he again noted," "he noted," "the patient states," which suggest the source of the facts decided in the report was petitioner. Nowhere in the report does Traycoff specifically attribute the pain to the October 1978 incident.

The absence of acknowledgment in the reports of Traycoff and Betsill that the October incident had occurred is made more significant by a statement contained in the report of Dr. James Hayes dated January 22, 1979. Introduced as petitioner's exhibit No. 4, the report stated:

> "I had occasion to see Mr. Banks again on 11/30/78. At this time he was complaining of back and intermittent leg pain. *Pain of this nature had been off and on again for about a year."* (Emphasis added.)

Hayes' statements suggest petitioner had been experiencing pain intermittently prior to the October 6, 1978, incident and make more

likely the conclusion that his pain on that date was not the result of a new accident, but rather the result of his prior injuries. *Because the doctors here did not actually conclude that petitioner had sustained an accident on October 6, 1978, petitioner's position is less supportable than were those of the claimants in Jacobson and Lyons, where the records contained at least some medical opinion that the accident in question had occurred and had caused the claimants' pain.*

Claimant bears the burden of establishing that his injuries arose out of and in the course of the work. (*Lyons v. Industrial Com.* (1983), 96 Ill. 2d 198, 203.) We conclude the Commission could have determined, on the evidence in this record, that petitioner failed to meet this burden.

■ As his final argument, petitioner asserts the contents of Traycoff's report constitute an admission by respondent that the accident occurred. Petitioner contends Traycoff's report could constitute an admission because he was the treating physician. However, petitioner has cited absolutely no authority for this contention. Accordingly, he has waived any argument that Traycoff's report constituted an admission. See 87 Ill. 2d R. 341(e)(7); see also *Wilson v. Continental Body Corp.* (1981), 93 Ill. App. 3d 966, 418 N.E.2d 56.

The judgment of the circuit court of Cass County is affirmed.

Affirmed.

WEBBER, P.J., and BARRY, KASSERMAN and McNAMARA, JJ., concur.