CARDOX CORPORATION, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Paul Tessendorf, Appellee).

Second District (Industrial Commission Division)   No. 2—88—1094WC

Opinion filed August 4, 1989.

Robert B. Young, of Gifford, Detuno & Gifford, Ltd., of Chicago, for appellant.

Joseph Spiezer, of Rockford, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The sole issue presented for our review is whether the order of the trial court granting the motion of the claimant to dismiss the case for lack of jurisdiction should be reversed and the cause remanded for determination on the merits.

The claimant, Paul Tessendorf, sought benefits under the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) (hereafter referred to as the Act) for injuries to his low back received on March 27, 1985, when the truck he was driving for the respondent Cardox Corporation struck a bump and the seat collapsed. Following a hearing on January 20, 1988, upon the claimant's petition for immediate hearing pursuant to section 19(b—1) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(b—1)), the arbitrator found that the claimant had been temporarily totally disabled for $106\frac{5}{7}$ weeks from March 27, 1985, through April 13, 1987. Upon review the Illinois Industrial Commission (hereafter referred to as the Commission) found that the claimant had been temporarily totally disabled for $147\frac{1}{7}$ weeks from March 27, 1985, through the date of arbitration on January 20, 1988. The Commission found further that the claimant was entitled to vocational rehabilitation under section 8(a) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.8(a)) and remanded the cause to the arbitrator "for further proceedings pursuant to *Thomas v. Industrial Comm'n*, 78 Ill. 2d 327, 399 N.E.2d 1322 (1980)." In *Thomas*, following a hearing upon the claimant's petition for immediate hearing under section 19(b) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(b)), the arbitrator awarded temporary total disability benefits and made a finding that the claimant had failed to prove that he had sustained any permanent disability. The Commission affirmed the arbitrator's decision. The supreme court concluded that the relief sought by the claimant was an order advancing his cause for an immediate hearing solely on the issue of temporary total compensation and that the issue of permanent disability had not been presented to the arbitrator with the result that the finding on the issue of permanent disability was null and void. The cause was remanded to the Commission for further proceedings

on the issue of permanent disability. In *Thomas* no question concerning vocational rehabilitation was involved.

In the instant case, in addition to ordering payment of compensation for temporary total disability, the Commission ordered respondent to "pay for treatment, instruction and training necessary for the physical, mental and vocational rehabilitation of the [claimant], including all maintenance costs and expenses incidental thereto, as provided in §8(a) of the Act." The Commission ordered further that "this case is remanded to the Arbitrator for further proceedings consistent with this Decision, but only after the later of expiration of the time for filing of a Petition for Summons to the Circuit Court has expired without the filing of such a Petition, or after the time of completion of any judicial proceedings, if such a Petition has been filed."

Thereafter, the respondent appealed to the circuit court, which granted the claimant's motion to dismiss following a hearing. The trial court concluded that the Commission had issued "a generalized order for rehabilitation and left it to the arbitrator to provide a specific plan." The trial court was of the opinion that "the administrative involvement in the case is still ongoing, and the circuit court therefore is without jurisdiction to undertake administrative review at this time." This appeal by the respondent followed.

In the trial court, as here, the claimant relied upon *International Paper Co. v. Industrial Comm'n* (1984), 99 Ill. 2d 458, 459 N.E.2d 1353, in which the supreme court held that decisions of the Commission that include generalized rehabilitation awards requiring further determination as to the extent and nature of such rehabilitation are interlocutory and, therefore, not reviewable by the circuit court. In the trial court, as here, the respondent relied upon the later case of *F & E Erection Co. v. Industrial Comm'n* (1987), 162 Ill. App. 3d 156, 514 N.E.2d 1147, holding that a decision of the Commission awarding temporary total disability benefits under section 19(b) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(b)) could properly be appealed, notwithstanding the need to remand to the arbitrator later for a finding on the issue of permanency. In *F & E Erection Co.* the trial court had erroneously held that it was without jurisdiction because the decision of the Commission was not final for the reason that the Commission had remanded the case to the arbitrator after awarding temporary total disability benefits. The appellate court in *F & E Erection Co.* (162 Ill. App. 3d at 168, 514 N.E.2d at 1154) stated that section 19(b) expressly permits a finding that the disabling condition has not reached a permanent condition and pointed out that "the decision of the Commission shall be 'conclusive unless reviewed' as provided in

the Act. (Ill. Rev. Stat. 1985, ch. 48, par. [138.]19(f).)" In *F & E Erection Co.*, however, there was no award for vocational rehabilitation. The respondent maintains that *F & E Erection Co.* is dispositive of the appealability of the Commission's instant decision because "[t]he claimant in *F & E Erection* and the employee at [*sic*] the case at bar filed for benefits under *Illinois Revised Statutes, Chapter 48, Section 138.19(b)*." The respondent stresses that in *International Paper* awards of compensation for temporary total disability and for permanent partial disability were made under sections 8(b) and (e) of the Act (Ill. Rev. Stat. 1977, ch. 48, pars. 138.8(b), (e)) respectively, rather than under section 19(b), as occurred in *F & E Erection Co.*

In this court the claimant moved to dismiss the respondent's appeal. In view of the respondent's reliance upon *F & E Erection Co.*, however, we denied the claimant's motion.

■ In *International Paper* the arbitrator awarded the claimant compensation for both total temporary and permanent partial disability. Finding that the claimant's condition had not yet reached a state of permanency, the Commission reversed the arbitrator's award for permanent partial disability and extended the arbitrator's award for temporary total disability. The Commission found further that the claimant was entitled to vocational rehabilitation under section 8(a) of the Act and remanded the cause to the arbitrator to take further evidence consistent with *Hunter Corp. v. Industrial Comm'n* (1981), 86 Ill. 2d 489, 427 N.E.2d 1247, in which the supreme court remanded the cause to the Commission for rehearing on the question of a vocational rehabilitation award after having reasoned that the issue of the extent of permanent disability could not be determined until the claimant had completed a prescribed program of rehabilitation. In *International Paper* the court noted that awards for vocational rehabilitation are granted pursuant to section 8(a) of the Act, which provides, in pertinent part, that an employer shall compensate an injured employee "for treatment, instruction and training necessary for the physical, mental and vocational rehabilitation of the employee, including all maintenance costs and expenses incidental thereto" (Ill. Rev. Stat. 1985, ch. 48, par. 138.8(a)). The court observed that the Act provides no procedures, however, to guide the employer and employee in evaluating the need for rehabilitation or in developing an individualized rehabilitation program. In reaching its holding in *International Paper* (99 Ill. 2d at 464-65, 459 N.E.2d at 1356), the court observed as well:

> "A series of cases decided subsequent to our decision in *Hunter* have involved questions regarding vocational rehabilita-

tion. (See generally, *National Tea Co. v. Industrial Com.* (1983), 97 Ill. 2d 424, *Revere Copper & Brass, Inc. v. Industrial Com.* (1983), 97 Ill. 2d 388; *Caterpillar Tractor Co. v. Industrial Com.* (1983), 97 Ill. 2d 35; *C.D. Turner & Sons, Inc. v. Industrial Com.* (1983), 96 Ill. 2d 231; *McLean Trucking Co. v. Industrial Com.* (1983), 96 Ill. 2d 213; *Zenith v. Industrial Com.* (1982), 91 Ill. 2d 278.) These cases all proceeded through two levels of judicial review based on decisions of the Industrial Commission which were inherently incomplete. Although vocational rehabilitation awards were granted at the administrative level in all these cases, the rehabilitation orders were all couched in the general language of the authorizing statute (Ill. Rev. Stat. 1977, ch. 48, par. 138(a).) Development of specific plans was left either to the parties or, in three cases (*McLean Trucking, Revere Copper* and *National Tea*) remanded to the arbitrator to hear further evidence on the vocational rehabilitation award."

The court in *International Paper* concluded that the case had reached the circuit court before administrative involvement in the case had been terminated, and the decision of the Commission was deemed not to be a final appealable determination. As a consequence, the circuit court in *International Paper* lacked jurisdiction to review the decision of the Commission.

■ Like *F & E Erection Co.*, upon which the respondent relies, the award of compensation for temporary total disability in *C.D. Turner & Sons, Inc. v. Industrial Comm'n* (1983), 96 Ill. 2d 231, 449 N.E.2d 836, was made under section 19(b) of the Act. The decision of the Commission with regard to the award of vocational rehabilitation in that case was described by the supreme court in *International Paper* as "inherently incomplete" by virtue of the Commission's use of the general language of the authorizing statute and its failure to develop a specific plan for vocational rehabilitation for the claimant. Similarly, the award of temporary total disability in *Revere Copper & Brass, Inc. v. Industrial Comm'n* (1983), 97 Ill. 2d 388, 454 N.E.2d 657, was made under section 19(b) of the Workers' Occupational Diseases Act (Ill. Rev. Stat. 1979, ch. 48, par. 172.54(b)); the decision of the Commission concerning the award of vocational rehabilitation therein was, likewise, described by the supreme court in *International Paper* as "inherently incomplete" for the same reasons. Like the awards of vocational rehabilitation in *International Paper, C.D. Turner & Sons, Inc.*, and *Revere Copper*, the rehabiliation order here was couched in the general language of the authorizing statute, and

development of specific plans was left to others. Accordingly, we hold that the decision of the Commission was interlocutory and not a final appealable determination. Hence, the trial court properly granted the claimant's motion to dismiss the case for lack of jurisdiction.

Affirmed.

BARRY, P.J., and McNAMARA, WOODWARD, and McCULLOUGH, JJ., concur.