CONSOLIDATED FREIGHTWAYS *et al.*, Appellants, v. ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Stanley Piech, Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—06—1919WC

Opinion filed May 29, 2007.

Hennessy & Roach, P.C., of Springfield (Stephen J. Klyczek, of counsel), for appellants.

Corti Aleksy & Castaneda, of Chicago (Richard Aleksy and Megan Kivisto, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:
Consolidated Freightways (Consolidated) and the Illinois Insur-

ance Guaranty Fund (Guaranty Fund) appeal from an order of the circuit court of Cook County which confirmed a decision of the Illinois Workers' Compensation Commission (Commission) awarding the claimant, Stanley Piech, certain benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2000)). Specifically, Consolidated and the Guaranty Fund appeal from that portion of the circuit court's order which confirmed the Commission's award of maintenance benefits and the Commission's order that Consolidated provide the claimant with "meaningful vocational rehabilitation." For the reasons that follow, we vacate the circuit court's order and remand this cause to the Commission for further proceedings.

The claimant filed an application for adjustment of claim pursuant to the Act, seeking benefits for injuries he received while in the employ of Consolidated. Following a hearing held pursuant to section 19(b) of the Act (820 ILCS 305/19(b) (West 2000)), an arbitrator issued a decision in which he found that the claimant suffered an accident arising out of and in the course of his employment with Consolidated on April 25, 2000. The arbitrator awarded the claimant temporary total disability (TTD) benefits for the period from August 31, 2002, through November 1, 2002, "the approximate date of his retirement," and ordered Consolidated to pay the claimant $1,161.71 for medical expenses which were outstanding. The arbitrator denied the claimant vocational rehabilitation benefits, penalties, and attorney fees.

The claimant filed a petition for review of the arbitrator's decision before the Commission. The parties stipulated that the claimant was temporarily totally disabled from April 26, 2000, through August 14, 2001. The parties disputed, however, whether the claimant was temporarily and totally disabled from August 31, 2002, through November 1, 2002. The Commission found that the claimant suffered an accident arising out of and in the course of his employment with Consolidated on April 25, 2000, and that he was temporarily totally disabled as a result from April 26, 2000, through August 14, 2001, and awarded him 68 weeks of TTD benefits. In addition, the Commission ordered Consolidated to provide the claimant with "meaningful vocational rehabilitation" and awarded him 58⁵/₇ weeks of maintenance benefits under section 8(a) of the Act (820 ILCS 305/8(a) (West 2000)), covering the period from August 31, 2002, through the date of the arbitration hearing on October 15, 2003. The Commission also ordered Consolidated to authorize and pay for certain future medical treatment for the claimant and to pay the claimant $1,161.71 for necessary medical expenses already incurred. Like the arbitrator, the Commission declined to award the claimant penalties or attorney fees. The Commission remanded the matter back to the arbitrator for

further proceedings pursuant to *Thomas v. Industrial Comm'n*, 78 Ill. 2d 327, 399 N.E.2d 1322 (1980). After the Commission issued its decision, the Guaranty Fund filed a motion requesting to be named as an additional respondent due to the bankruptcy of Consolidated and the bankruptcy and liquidation of its workers' compensation insurance carrier, Reliance Insurance.

Consolidated and the Guaranty Fund sought a judicial review of the Commission's decision in the circuit court of Cook County. The circuit court confirmed the Commission's decision, and this appeal followed.

Consolidated and the Guaranty Fund argue that the Commission's order upon Consolidated to provide the claimant with vocational rehabilitation services and its award of maintenance benefits under section 8(a) of the Act (820 ILCS 305/8(a) (West 2000)) are against the manifest weight of the evidence. They concede in their brief that the claimant's work-related injury resulted in physical restrictions which have caused a reduction in his earning power. However, Consolidated and the Guaranty Fund maintain that the Commission's order for vocational rehabilitation is inappropriate because there is no evidence in the record that such services will increase the claimant's earning capacity.

Neither party has questioned the circuit court's jurisdiction to review the Commission's decision in this case. Nevertheless, it is our obligation to consider, *sua sponte*, matters which go to the jurisdiction of the circuit court. *Reichert v. Court of Claims of the State of Illinois*, 203 Ill. 2d 257, 261, 786 N.E.2d 174 (2003).

In the case of *Cardox Corp. v. Industrial Comm'n*, 186 Ill. App. 3d 946, 950-51, 542 N.E.2d 1242 (1989), this court held that Commission decisions containing generalized orders for vocational rehabilitation without a specific plan for the services to be rendered to the claimant are interlocutory in nature and not appealable. See also *American Insulated Structures v. Industrial Comm'n*, 256 Ill. App. 3d 171, 175, 627 N.E.2d 1292 (1994). Such orders are "inherently incomplete" as they require further determination as to the nature and extent of the services to be provided. See *International Paper Co. v. Industrial Comm'n*, 99 Ill. 2d 458, 464, 459 N.E.2d 1353 (1984). Just as in this case, *Cardox Corp.* and *American Insulated Structures* involved Commission decisions entered after a review of an arbitrator's award of benefits under section 19(b) of the Act. In both cases, we held that the generalized award of vocational rehabilitation rendered the Commission's decision interlocutory in nature. *Cardox Corp.*, 186 Ill. App. 3d at 950-51; *American Insulated Structures*, 256 Ill. App. 3d at 175.

In addition to the fact that a generalized order for vocational

rehabilitation is interlocutory and not appealable, our supreme court has held that the entry of such orders is both confusing and inappropriate. *Zenith Co. v. Industrial Comm'n*, 91 Ill. 2d 278, 287-88, 437 N.E.2d 628 (1982). Section 8(a) of the Act requires an employer to pay for "treatment, instruction and training necessary for the physical, mental and vocational rehabilitation of the employee, including all maintenance costs and expenses incidental thereto." 820 ILCS 305/ 8(a) (West 2000). Ordering an employer to provide "meaningful vocational rehabilitation," as was done in this case, without specifying the services to be offered does nothing more than incorporate the provisions of the statute. *Kropp Forge Co. v. Industrial Comm'n*, 85 Ill. 2d 226, 229-30, 422 N.E.2d 613 (1981).

For these reasons, we vacate the order of the circuit court for want of jurisdiction and remand this cause back to the Commission for further proceedings.

Vacated and remanded.

McCULLOUGH, P.J., and GROMETER, HOLDRIDGE, and DONOVAN, JJ., concur.