2020 IL App (3d) 190351WC-U
Nos. 3-19-0351WC, 3-19-0352WC
Order filed April 21, 2020

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION
_____

| | | |
|---|---|---|
| KURT MONTGOMERY, | ) | Appeal from the Circuit Court |
| | ) | of Will County |
| Petitioner-Appellant/Cross-Appellee, | ) | |
| | ) | Nos.   18MR2295 |
| v. | ) | 18MR1942 |
| | ) | |
| THE ILLINOIS WORKERS' COMPENSATION | ) | |
| COMMISSION *et al.*, | ) | |
| | ) | Honorable |
| (Caterpillar Logistics Services, Inc., | ) | John C. Anderson |
| Respondent-Appellee/Cross-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Holdridge and Justices Hoffman, Hudson, and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Because the Illinois Workers' Compensation Commission issued an interlocutory decision instead of a final decision, the circuit court lacked subject-matter jurisdiction.

¶ 2    In 2011, petitioner, Kurt Montgomery, filed with the Illinois Workers'

Compensation Commission (Commission) a section 8(a) petition. See 820 ILCS 305/8(a) (West

2010). He sought to compel respondent, Caterpillar Logistics Services, Inc., to cover the cost of

past and future medical treatment for a workplace injury he suffered on April 8, 1994. In 2018, the Commission issued its decision. Both parties sought review in the Will County circuit court. In 2019, the court confirmed the Commission's decision. Both parties appeal.

¶ 3        We hold that because the Commission issued an interlocutory decision instead of a final decision, the circuit court lacked subject-matter jurisdiction. Therefore, we vacate the circuit court's judgment and remand this case to the Commission for further proceedings.

¶ 4                                    I. BACKGROUND

¶ 5        In the section 8(a) hearing, petitioner submitted invoices from 20 medical providers. The invoices covered the period of July 20, 2001, to May 18, 2017, and totaled over $50,000. Also, petitioner submitted bills and receipts that, he claimed, represented expenses incidental to his medical treatment for the workplace injury. Such alleged incidental expenses totaled an additional $32,000. Respondent disputed the reasonableness and necessity of these medical bills and incidental expenses.

¶ 6        In its decision, the Commission ordered payment of the following medical expenses:

> "(7) Respondent shall pay all outstanding reasonable and related medical bills.
>
>                                    * * *
>
> IT IS FURTHER ORDERED BY THE COMMISSION that Respondent pay reasonable, necessary, and related medical expenses under § 8(a) of the Act, subject to the fee schedule in § 8.2 of the Act [(*id.* § 8.2)]."

¶ 7        In similar general terms, the Commission ordered respondent to pay the following incidental expenses:

"(5) All bills for necessary and related treatment, attendant care and travel are to be directed for approval and payment to Respondent. ***

* * *

IT IS THEREFORE ORDERED BY THE COMMISSION that all bills for necessary and related treatment, attendant care and travel are to be directed for approval and payment to Respondent."

¶ 8                                    II. ANALYSIS

¶ 9        To be appealable, a decision by the Commission must be final. *American Structures, Inc. v. Industrial Comm'n*, 99 Ill. 2d 40, 43-44 (1983). A decision by the Commission that includes a generalized reward requiring further determination is an interlocutory decision, which a circuit court lacks subject-matter jurisdiction to review. *International Paper Co. v. Industrial Comm'n*, 99 Ill. 2d 458, 466 (1984).

¶ 10       For example, in *Consolidated Freightways v. Illinois Workers' Compensation Comm'n*, 373 Ill. App. 3d 1077, 1078 (2007), the Commission issued a decision in which it ordered the employer to provide the claimant with " 'meaningful vocational rehabilitation.' " Section 8(a) already required the employer to provide meaningful vocational rehabilitation. *Id.* at 1080. The dispute was what, specifically, meaningful vocational rehabilitation would entail in that case. Merely telling the employer, in so many words, to follow the statute failed to resolve the dispute. See *id.* Thus, the Commission's order was interlocutory and not appealable. See *id.* at 1079-80.

¶ 11       Similarly, in the present case, the Commission entered an interlocutory order by reciting respondent's statutory duty to pay reasonable and necessary medical and incidental expenses, without specifying which of petitioner's claimed expenses that respondent had to pay

pursuant to that statutory duty. Respondent did not dispute that, under section 8(a), it was obliged to pay "all outstanding reasonable and related medical bills" and "[a]ll bills for necessary and related treatment, attendant care and travel." See 820 ILCS 305/8(a) (West 2010). Rather, the dispute was *which* of the medical bills and invoices that petitioner submitted were reasonable and necessary. The Commission's order is interlocutory and unappealable because it leaves that dispute unresolved. See *Consolidated Freightways*, 373 Ill. App. 3d at 1079-80.

¶ 12        The circuit court lacks subject-matter jurisdiction to review orders by the Commission that are interlocutory or " 'inherently incomplete.' " *Id.* at 1079. A judgment by a circuit court that lacks subject-matter jurisdiction is void. *Rojas v. Illinois Workers' Compensation Comm'n*, 406 Ill. App. 3d 965, 970 (2010). We have an independent duty to vacate void judgments. *Schak v. Blom*, 334 Ill. App. 3d 129, 134 (2002).

¶ 13                              III. CONCLUSION

¶ 14        For the foregoing reasons, we vacate the circuit court's judgment and remand this case to the Commission for further proceedings.

¶ 15        Vacated and remanded.