THE SUPERIOR COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WARREN DINKENS, Defendant in Error.)

*Opinion filed April 23, 1926—Rehearing denied. June 2, 1926.*

WORKMEN'S COMPENSATION—*employer is entitled to review of award under paragraph (f) of section 8 of Compensation act.* Under the proviso to paragraph (*f*) of section 8 of the Compensation act as amended in 1921, the employer is entitled to a review of an award for complete disability where it appears that the employee has become able to work, although in a different kind of employment, and payments under the award shall cease if it is shown that he earns as much as before he was injured, but if not as much, the award shall be modified; and the employer is entitled to such review although more than eighteen months have elapsed since the award was entered and although the award was entered nine months prior to the taking effect of the act of 1921, as the statute applies to the remedy or procedure and is retrospective.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding.

VAUGHN & NEVINS, for plaintiff in error.

JOSEPH A. LONDRIGAN, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error on June 21, 1919, while in the employ of plaintiff in error as a loader, received an injury by reason of a fall. On application for compensation he was awarded compensation by the arbitrator $12 per week for 64.7 weeks for temporary total disability, and the further sum of $12 per week for 226 weeks and $11.60 for one week, and thereafter a pension for life of $23.33 per month for complete and permanent disability. The award of the arbitrator was entered September 16, 1920, and was not reviewed by the commission or the circuit court. Plaintiff in error, Superior Coal Company, paid the compensation as provided by the award until July 13, 1923. On March 7, 1923, plaintiff in error filed its petition with the Industrial Commission praying for a review of the award under paragraph (*h*) of section 19 of the Workmen's Compensation act, alleging that the disability had diminished and ended. The defendant in error moved the commission to dismiss the petition for the reason that eighteen months had elapsed since the date of the award. A hearing was had before the commission and evidence was introduced to show that the defendant in error had been engaged in the business of tending bar continuously since July 1, 1922, and had earned from $21 to $25 per week since that time. At the conclusion of the hearing plaintiff in error filed by leave of the commission an amended petition to suspend and modify compensation payments, and alleged that defendant in error was completely recovered from any and all disability to work by reason of his former injury. The prayer of the

petition is that the plaintiff in error be relieved from further payments of compensation on account of the previous award. This amended petition was filed under what is now paragraph (*f*) of section 8 of said act as amended in 1921. The commission denied the prayer of the petition and found that the disability of the defendant in error had not decreased. The circuit court of Macoupin county confirmed the decision of the commission, and this court granted a writ of error to review the judgment of the court on application of plaintiff in error.

This award could not be reviewed under paragraph (*h*) of section 19 because more than eighteen months had elapsed after the award was entered. The question now before the court is whether or not the award of the arbitrator should have been reviewed by the commission under said paragraph (*f*) of section 8 as it was amended in 1921, which as so amended reads as follows:

"(*f*) In case of complete disability, which renders the employees wholly and permanent incapable of work, compensation equal to fifty percentum of his earnings but not less than $7.50 nor more than $14 per week, commencing on the day after the injury, and continuing until the amount paid equals the amount which would have been payable as a death benefit under paragraph (*a*), section 7, if the employee had died as a result of the injury at the time thereof, leaving heirs surviving as provided in said paragraph (*a*), section 7, and thereafter a pension during life annually equal to eight per cent of the amount which would have been payable as a death benefit under paragraph (*a*), section 7, if the employee had died as a result of the injury at the time thereof, leaving heirs surviving, as provided in said paragraph (*a*), section 7. Such pension shall not be less than $10 per month and shall be payable monthly: *Provided,* any employee who receives an award under this paragraph and afterwards returns to work, or is able to do so, and who earns or is able to earn as much as before the

injury, payments under such award shall cease; if such employee returns to work, or is able to do so and earns or is able to earn part but not as much as before the injury, such award shall be modified so as to conform to an award under paragraph (*h*) of this section: *Provided, further,* that disability as enumerated in subdivision 18, paragraph (*e*) of this section shall be considered complete disability."

The award by the arbitrator was made under the provisions of said section 8, paragraph (*f*), which provided that in case of complete disability, which renders the employee wholly and permanently incapable of work, compensation equal to fifty percentum of his earnings, but not more than $12 per week, commencing on the day after the injury and continuing until the amount paid equals the amount which would have been payable as a death benefit under paragraph (*a*) of section 7 if the employee had died as a result of the injury, etc. This paragraph (*f*) was amended in 1919 and also in 1921. The amendment in 1921 added the two provisos above quoted. The other part of this paragraph was not changed by this latter amendment except as to the amount of the compensation payable weekly, that the weekly payment should not be less than $7.50 per week nor more than $14 per week, which would not change the amount of compensation to be paid except in the amount thereof to be paid weekly. Paragraph (*h*) was also changed in just one particular, and this change was that the average weekly wage paid as compensation should in no event exceed $14 per week in lieu of $12 per week as previously provided by paragraph (*h*) of section 8. So the substantial changes of paragraph (*f*) of section 8 are the said two provisos added in 1921.

The question on this record is whether or not plaintiff in error was entitled to have the award of the arbitrator reviewed and modified by the Industrial Commission under the provisions of the first proviso aforesaid. It is contended, in substance, by the defendant in error, that as the

time for review of the award under paragraph (*h*) of section 19 had passed, that the award became a vested right in the defendant in error and could not be reviewed or changed by the Industrial Commission under the said proviso of paragraph (*f*) of section 8. The substantial contention of the plaintiff in error is, that the said proviso merely gives a further right of a review of the award by the Industrial Commission, and that the evidence in this record is such as to entitle plaintiff in error not only to a review of the award, but to a modification thereof in accordance with the terms and provisions of the proviso.

In the case of *Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90, this court held that where a statute confers a vested right such right cannot afterward be altered or amended so as to destroy it, but if a change in the law affects only the remedy or procedure all rights of action are governed thereby, without regard to whether they accrued before or after such change and without regard to whether suit had previously been instituted or not, unless there is a saving clause as to the existing litigation. This case was followed in the subsequent case of *New Staunton Coal Co.* v. *Industrial Com.* 304 Ill. 613, and the rule established in the *Otis Elevator case* has been announced in a number of previous decisions of this court. The right of review given by the above proviso is an additional provision for review similar in character to the one provided in paragraph (*h*) of section 19, which had become inoperative and ineffective in this case by lapse of time. This proviso is not in the nature of a grant, but is simply a new remedy or a new procedure for a review of an award of compensation. The law in such cases is that a statute of that character is to be held retrospective in its operation, as there is no saving clause providing otherwise.

The substance of the evidence given under the amended petition was the testimony of Warren Dinkens, the defendant in error, who testified in substance as follows: Was

formerly employed by the Superior Coal Company, loading coal. Went to work for it in 1908 and worked until June 21, 1919, the date of the injury. After that he did not work for it. Since that he has worked for Ed and John Williams, of Gillespie, Illinois, whose business is selling soft drinks. He went to work for them in July, 1920. When he began with them his wages were $21 per week. He worked off and on, until finally he quit working for them altogether. He is now working for Mr. Carroll. In the last five months he laid off a week one time. Two or three weeks would cover the time he has lost in the last five months, and which lost time was on account of his condition. During all the time he has been receiving $25 per week, and he is still in his employ. The work he is now doing is selling cigars and soda in a soft drink parlor and is a whole lot lighter than what he was doing in July, 1920. He then states that he had done no work requiring manual labor and that he cannot do any lifting whatever. When asked as to his physical ability to do work of the character he is now doing his answer was, "I feel good; I feel well enough; I can't exert myself." This answer was given in cross-examination over the objections of plaintiff in error, the commissioner ruling that the question for settlement was whether or not there has been an increase in his ability to work. This ruling was made, however, before the amended petition was filed. The witness then further testified that he was not doing as much work then as he was when working in July, 1920; that he is not physically able to do any more work, as it bothers him too much.

There had been paid of the award of the arbitrator a total sum of $2528.40, according to the allegations of the petition. The decision of the commission was that the disability of the defendant in error had not decreased, and the prayer of the petition was for that reason denied.

Working in a soft drink parlor and selling cigars and soft drinks by the defendant in error in the manner he

testified was returning to work within the meaning of the first proviso aforesaid, and he was earning a part but not as much as he earned before the injury, the evidence before the arbitrator having shown by stipulation that his average weekly wages while working in the mine was $32.22. The plaintiff in error was therefore entitled to have a hearing under the provisions of the proviso aforesaid and a modification of the award as provided thereby. The question before the commission was not whether or not the disability had decreased. That would have been one question under the provisions of paragraph ($h$) of section 19, but it is not applicable for the reasons aforesaid. Under the provisions of the proviso the questions for settlement are whether or not the employee has returned to work or is able to do so, and whether or not he is able to earn as much as before the injury or a part of the amount that he originally earned. In either case the award is to be modified so as to conform to an award under paragraph ($h$), which provides that in no event shall compensation to be paid exceed fifty percentum of the average weekly wage or exceed $12 per week in amount, nor, except in case of complete disability as defined above, shall any payment extend over a period of more than eight years from the date of the accident. In this case, if the evidence should show that the weekly payments should be modified in amount, as the evidence now seems to show in the record, the payments should be modified upon the above basis and the pension for life should be discontinued.

The judgment of the circuit court is reversed and the cause is remanded to that court, with directions to the commission to review the award under the proviso aforesaid of paragraph ($f$) of section 8, and any further evidence may be submitted by either party that is competent under said section.    *Reversed and remanded, with directions.*