(No. 53734 ▮)

KEYSTONE STEEL & WIRE COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Raymond King, Appellee).

*Opinion filed May 22, 1981.*

180

David J. Parsons, of Chicago (Seyfarth, Shaw, Fairweather & Geraldson, of counsel), for appellant.

Clarence Lipnick, of Lipnick, Barsy & Joseph, of Chicago (Cornelia Honchar Tuite, of counsel), for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission awarded petitioner, Raymond King, Sr., compensation for permanent and total disability suffered as the result of an accident while in the employ of the respondent, Keystone Steel & Wire Company. On review the Industrial Commission affirmed the award, and on *certiorari* the circuit court of Cook County confirmed. No appeal was taken. Subsequently respondent filed a petition under section 8(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(f)) to modify the award. The petition is not included in the record, but it may be assumed that it was alleged that petitioner was gainfully self-employed and was no longer permanently and totally disabled. After hearing evidence the Industrial Commission denied respondent's petition. The Commission also found that there had been an unreasonable and vexatious delay by respondent in the payment of compensation for the period from September 23, 1978, to October 18, 1979, and that under section 19(k) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(k)) petitioner was entitled to an additional sum of compensation. Pursuant to section 16 of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.16) respondent was ordered to pay petitioner's attorney fees in the amount of 20% of the compensation payments due. Respondent was

also ordered to pay interest as provided in section 19(n) (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(n)). On *certiorari* the circuit court of Cook County confirmed and respond-dent appealed (73 Ill. 2d R. 302(a)).

At the hearing on respondent's section 8(f) petition, three employees of Scrap Corporation of America, called by respondent, testified that over a 10-month period between August 1, 1977, and May 30, 1978, petitioner, under the business name of "Ray King and Sons," con-tracted with and was paid by their company for work which included painting, replacing floor tile, carrying 50-pound steel lockers, and putting sealant on the roof of an office building. They testified that they had personally observed petitioner perform manual labor; that on some days petitioner worked periods of four to five hours; some days he worked a little more, on other days a little less, some days not at all, and on some days with one or more helpers.

Petitioner and his two sons testified that petitioner did very little physical work on these jobs and that his involvement in the business was primarily supervisory. Neither son was a full-time employee of the petitioner during the 10-month period. Neither party presented medical evidence.

Respondent contends that the Industrial Commission and the circuit court erred as a matter of law in finding that respondent had failed to prove that petitioner was no longer permanently and totally disabled. It argues that the error resulted from the failure to properly construe and follow *E. R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, and *A.M.T.C. of Illinois, Inc. v. Industrial Com.* (1979), 77 Ill. 2d 482. It argues that the findings and con-clusions contained in the Commission's decision show that it had erroneously concluded that in order for an award for permanent and total disability to be modified, it was necessary to prove that the employee had engaged in

regular or steady employment involving physical labor over an extended period of time for a particular number of hours each day. Respondent contends, too, that the Commission required proof by respondent that an offer of steady employment had been made to petitioner or that there had been an offer and rejection of vocational rehabilitation or retraining. In support of this last contention respondent cites the following statement found at the end of the Commission's order and decision to deny respondent's section 8(f) petition:

> "This order shall not be a bar to further proceedings whenever the respondent can establish that petitioner has been offered steady employment within his physical and mental capabilities, skills and training, or has been offered and rejected an appropriate program of vocational rehabilitation or retraining."

Citing *E. R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, the Commission stated in its order:

> "The law is clear that Petitioner's age, the nature of disability, training and work experience must be considered in determining permanent total disability. *** Petitioner has completed only one year of high school and absent from the record is any evidence showing Petitioner has any kind of specialized training. Petitioner was employed as a painter at the time of his injury and prior to that time had worked as a laborer. Prior to his injury [from which the permanent disability arose] as a result of which Petitioner underwent a surgical laminectomy, Petitioner had already had two earlier laminectomies. In addition, Petitioner had a traumatic amputation of four fingers on his left hand prior to his industrial accident.
>
> ***
>
> Evidence which shows that an employee has been able to earn occasional wages or to perform certain useful services neither precludes a finding of total disability nor requires a finding of only partial disability. A person is totally disabled when he cannot perform any services except those for which no reasonably stable labor market exists. *Jones v. Industrial Commission*, 71 Ill. 2d 368,

375 N.E.2d 1306 (1978), *Firestone Tire & Rubber Co. v. Industrial Commission*, 28 IL. Dec. 548, 76 Ill. 2d 197, 390 N.E.2d 907, (1979), *E. R. Moore v. Industrial Commission.* Respondent did not show, nor does the record reflect, that Petitioner was performing or could perform services on a regular basis for which there is a reasonably stable labor market.

The Commission therefore finds that Respondent failed to prove that Petitioner was no longer permanently and totally disabled. The record does suggest that Petitioner has the desire to be regularly employed and might benefit from a program of vocational rehabilitation and counseling paid to by Respondent."

The Industrial Commission correctly construed our holding in *Moore.*

Respondent attempts to review now the correctness of the Commission's rulings made in the hearing on review of the original award. Respondent contends that certain medical reports were erroneously admitted into evidence. The award became final upon being confirmed by the circuit court. The Commission, of course, had before it the entire record in the case, and the reference in its order to the nature of the surgical procedures performed on petitioner and his injuries does not serve to open up for review evidentiary rulings in the earlier arbitration and review.

Citing *Perry Coal Co. v. Industrial Com.* (1931), 343 Ill. 525, as "a case factually on all fours with the instant case," respondent argues "This court must reach the inescapable conclusion that King was capable of some form of regular or steady employment which did not seriously endanger King's health or life." *Perry Coal Co.* is clearly distinguishable in that there the Commission found that the employee was no longer totally disabled and further there was medical testimony which supported that finding. Respondent's contention that the Industrial Commission and the circuit court erroneously failed to apply the proper rule of law is wholly without merit.

Respondent contends next that the Commission's findings of fact are contrary to the manifest weight of the evidence. Respondent argues that, because petitioner was engaged in strenuous physical labor during a 10-month period, he was capable of engaging in various kinds of profitable employment. Respondent argues that the Commission improperly relied upon the testimony presented by the petitioner and selectively ignored testimony of respondent's witnesses to make the finding that petitioner was able to work only occasionally and in a very limited capacity.

Although this court might draw inferences other than those drawn by the Commission, the Commission's decision will not be set aside unless it is against the manifest weight of the evidence. (*Health & Hospitals Governing Com. v. Industrial Com.* (1979), 75 Ill. 2d 159.) It was the Commission's duty to judge the credibility of the witnesses, determine the disputed facts, and draw reasonable inferences and conclusions from those facts. (*Scott v. Industrial Com.* (1979), 76 Ill. 2d 183.) The Industrial Commission's finding that respondent had failed to prove that petitioner was no longer permanently and totally disabled is not contrary to the manifest weight of the evidence.

Respondent contends that the Industrial Commission erred in awarding petitioner additional compensation pursuant to section 19(k) of the Act. It argues that the evidence showed that respondent's failure to pay compensation was based on the good-faith belief that petitioner was not entitled to compensation and relies on *Avon Products, Inc. v. Industrial Com.* (1980), 82 Ill. 2d 297, to support the contention that section 19(k) is inapplicable here.

Section 19(k) of the Workmen's Compensation Act provides that where there has been any unreasonable or vexatious delay of payment of compensation the Com-

mission may award compensation additional to that otherwise payable. (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(k).) Whether the employer's conduct justifies the imposition of penalties is to be considered in terms of reasonableness and is a factual question for the Commission, not to be disturbed unless against the manifest weight of the evidence. *Avon Products, Inc. v. Industrial Com.* (1980), 82 Ill. 2d 297; *Wilbon v. Industrial Com.* (1976), 65 Ill. 2d 221; *Board of Education v. Industrial Com.* (1968), 39 Ill. 2d 167.

The respondent unilaterally suspended payment of compensation on September 23, 1978. The petitioner filed a section 19(g) petition (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(g)) on February 20, 1979, seeking payment of the compensation due. The circuit court denied petitioner's section 19(g) petition on June 25, 1979. As part of a compromise that petitioner not appeal the circuit court's decision on the section 19(g) petition, respondent agreed to pay compensation from September 23, 1978, to the date of the filing of its section 8(f) petition.

The section 8(f) petition is not contained in, nor can the date of its filing be determined from, the record. The record shows that respondent filed a petition under section 19(h) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(h)). When the matter was set for hearing, respondent apparently became aware that the petition was not timely filed and moved for leave to amend the section 19(h) petition to a section 8(f) petition. The motion was denied. As a result, the hearing was continued for several months. Following the hearing the Industrial Commission found that the respondent had no legal authority to terminate payments due under the award merely because respondent had filed a petition requesting that the order be modified, and that its refusal to pay compensation was unreasonable and vexatious.

*Avon Products, Inc. v. Industrial Com.* (1980), 82 Ill.

2d 297, cited by respondent, does not support its position. Unlike the situation here, in *Avon* there had not been a final determination of the employer's liability at the time of the delay in payment of compensation.

Respondent argues that the evidence that petitioner worked and earned money over a 10-month period furnished the basis for a good-faith belief that petitioner was not entitled to compensation. Viewing that conduct in terms of reasonableness and noting that it was a question of fact for the Commission, we cannot say that the Commission's finding that respondent's conduct was unreasonable and vexatious is against the manifest weight of the evidence.

Respondent also contends that the award of attorney fees under section 16 (Ill. Rev. Stat. 1977, ch. 48, par. 138.16) and of interest from the date of the arbitrator's decision under section 19(n) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(n)) should be set aside. Citing *Grigsby v. Industrial Com.* (1979), 76 Ill. 2d 528, respondent argues that the statutes affect the substantive rights and liabilities of the parties and therefore do not apply to an award arising out of an accident prior to their effective date of July 1, 1975. We do not agree. The statutory sanctions were invoked by respondent's unreasonable and vexatious failure to pay compensation on September 23, 1978, subsequent to the statutes' effective date. We hold the above provisions are applicable, and we find no error in the Commission's decision to award attorney fees and interest.

Finally, respondent contends that the paragraph in the Commission's decision which awards interest is incomprehensible. The Commission ordered that respondent pay to the petitioner interest on the award entered by the arbitrator as provided in section 19(n) of the Act. The pertinent part of section 19(n) provides that all decisions of the Industrial Commission confirming an award estab-

lished by an arbitrator of the Commission shall bear interest at the rate of 6% per annum from the date of the arbitrator's award on all compensation accrued. (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(n).) The interest accrued should properly be computed by the Industrial Commission, and the cause is therefore remanded for the determination of the amount of interest due. The judgment of the circuit court of Cook County is affirmed.

*Affirmed and remanded.*