(No. 87099.—)

JOE W. KING, Appellant, v. THE INDUSTRIAL COM-
MISSION *et al.* (R.R. Donnelly, Appellee).

*Opinion filed January 21, 2000.*

George L. Gaines and Lewis P. Gaines, of Gaines & Gaines, of Chicago, for appellant.

Braun, Lynch, Smith & Strobel, Ltd., of Chicago (Mark A. Braun, of counsel), for appellee.

Harry E. Kinzie III, of Nyhan, Pfister, Bambrick & Kinzie, P.C., of Chicago, for *amicus curiae* Illinois Self-Insurers Association.

JUSTICE BILANDIC delivered the opinion of the court:

This appeal involves the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)). The narrow question presented is whether a claimant who has been awarded permanent total disability under section 8(f) of the Act (820 ILCS 305/8(f) (West 1996)) may later be required to submit to an employer-requested medical examination under section 12 of the Act (820 ILCS 305/12 (West 1996)), even where the employer has not filed a petition seeking to modify the claimant's benefits pursuant

to section 8(f) or section 19(h) of the Act (820 ILCS 305/19(h) (West 1996)). We answer in the affirmative.

## BACKGROUND

Claimant, Joe W. King, sought an adjustment of claim for a shoulder injury that he sustained in 1986 while employed by respondent, R.R. Donnelly (employer). The arbitrator awarded claimant temporary total disability for 154²/₇ weeks and permanent total disability for life (Ill. Rev. Stat. 1991, ch. 48, pars. 138.8(b), (f)). The Industrial Commission (Commission) affirmed and adopted the decision of the arbitrator in 1991. The Commission held that claimant established his permanent total disability under section 8(f) of the Act. The Commission determined that claimant fell within the "oddlot" category because, although claimant was not altogether incapacitated for work, his condition was such that he will not be employed regularly in any well-known branch of the labor market. In making this determination, the Commission considered the claimant's physical impairment along with the following factors: that claimant was 59 years of age (in 1991); that claimant had completed the third grade and was functionally illiterate; and that claimant had worked as an unskilled laborer for employer for 17 years. The record also disclosed that claimant had made a diligent but unsuccessful job search and that his attempt at vocational rehabilitation had failed. Neither party appealed.

Years later, on April 17, 1996, employer filed with the Commission a motion to suspend claimant's compensation under section 12 of the Act (820 ILCS 305/12 (West 1996)). Employer argued that claimant's compensation should be suspended because claimant refused to comply with its section 12 request for a medical examination. The Commission held a hearing on the motion. Correspondence between the parties showed that claimant had refused to comply with employer's request on the advice of counsel.

Following the hearing, the Commission denied employer's motion to suspend claimant's compensation for his refusal to submit to a medical exam. The Commission ruled that a suspension of compensation was not warranted under the facts of this case. The Commission explained that, because claimant had qualified for permanent total disability under the odd-lot doctrine, claimant's physical condition was not the only factor contributing to his award. Other factors were claimant's age and his limited education, training and work experience. According to the Commission, employer thus failed to prove sufficient grounds on which to suspend compensation. The Commission, however, interpreted section 12 as granting employer the right to a medical exam. It therefore held that section 12 required claimant to submit to a medical exam and ordered him to do so.

The circuit court confirmed the decision of the Commission. Claimant then appealed, challenging only that portion of the Commission's order requiring him to submit to a medical exam.

The Industrial Commission division of the appellate court initially issued a unanimous opinion reversing that portion of the Commission's order requiring claimant to submit to a medical exam. On rehearing, however, the appellate court withdrew that opinion and issued a new opinion affirming that portion of the order requiring claimant to submit to a medical exam. 301 Ill. App. 3d 958. Two of the five justices dissented. Subsequently, three justices of the appellate court filed a statement that this case involves a substantial question warranting the consideration of this court. 177 Ill. 2d R. 315(a). We allowed claimant's petition for leave to appeal. 177 Ill. 2d R. 315(a). We now affirm the judgment of the appellate court, for the reasons explained below.

## ANALYSIS

There is no dispute in this appeal regarding whether

claimant's compensation should have been suspended under section 12 for his failure to submit to a medical exam. The Commission held that a suspension was not warranted. Employer waived its right to challenge this holding before the appellate court and likewise does so here.

This appeal concerns only the propriety of the order requiring claimant to submit to a medical exam. To be precise, the issue is whether claimant, who received an award of permanent total disability under section 8(f), may now be required to submit to employer's request for a medical examination under section 12, even though employer has not filed a petition to modify claimant's benefits pursuant to section 8(f) or section 19(h).

Statutory interpretation is a question of law, which this court reviews *de novo*. *Sun Choi v. Industrial Comm'n*, 182 Ill. 2d 387, 392 (1998). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990). The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994); *Kraft, Inc.*, 138 Ill. 2d at 189. Moreover, courts afford considerable deference to the interpretation placed on a statute by the agency charged with its administration. *Denton v. Civil Service Comm'n*, 176 Ill. 2d 144, 148 (1997); *City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268*, 122 Ill. 2d 353, 361 (1988). In light of these principles, we turn to the statutory provisions at issue.

Section 8(f) provides, in relevant part:

"In case of complete disability, which renders the employee wholly and permanently incapable of work *** compensation shall be payable ***.

***

If any employee who receives an award under this paragraph afterwards returns to work or is able to do so,

and earns or is able to earn as much as before the accident, payments under such award shall cease. If such employee returns to work, or is able to do so, and earns or is able to earn part but not as much as before the accident, such award shall be modified so as to conform to an award under paragraph (d) of this Section. If such award is terminated or reduced under the provisions of this paragraph, such employees have the right at any time within 30 months after the date of such termination or reduction to file petition with the Commission for the purpose of determining whether any disability exists as a result of the original accidental injury and the extent thereof." 820 ILCS 305/8(f) (West 1996).

As the plain language indicates, section 8(f) sets forth a procedure for modifying a section 8(f) award for permanent total disability. *Superior Coal Co. v. Industrial Comm'n*, 321 Ill. 240, 242-44 (1926). Section 8(f) provides for the termination of such an award where the employee thereafter returns to work or is able to do so and earns or is able to earn as much as before the accident. Section 8(f) also provides for the reduction of such an award where the employee thereafter returns to work or is able to do so and earns or is able to earn partly as much, but not as much, as before the accident. Accordingly, a section 8(f) petition for modification looks to whether the employee has returned to work or is able to do so and to the employee's earnings or ability to earn. See *Keystone Steel & Wire Co. v. Industrial Comm'n*, 85 Ill. 2d 178 (1981); *Perry Coal Co. v. Industrial Comm'n*, 343 Ill. 525 (1931); *Superior Coal Co.*, 321 Ill. at 246. The burden of proof is on the employer to show that the claimant's award should be modified pursuant to section 8(f)'s provisions. See *Keystone Steel & Wire Co.*, 85 Ill. 2d at 184; *E.R. Moore Co. v. Industrial Comm'n*, 71 Ill. 2d 353, 363 (1978).

In contrast to section 8(f), section 19(h) grants employers the right to have certain compensation awards reviewed, but only within 30 months. 820 ILCS 305/19(h)

(West 1996). The remedy provided in section 8(f) is separate from the remedy contained in section 19(h). *Superior Coal Co.*, 321 Ill. at 244.

In the present case, employer has never filed either a section 8(f) or section 19(h) petition. Rather, as discussed above, employer initiated this proceeding by filing a motion to suspend claimant's compensation under section 12 because claimant refused to submit to a medical exam. Employer asserts that it is entitled to a current medical exam of claimant to determine whether grounds exist for a section 8(f) modification of claimant's award.

Section 12 of the Act governs medical examinations. It provides, in pertinent part:

"An employee entitled to receive disability payments shall be required, if requested by the employer, to submit himself, at the expense of the employer, for examination to a duly qualified medical practitioner or surgeon selected by the employer, at any time and place reasonably convenient for the employee, either within or without the State of Illinois, for the purpose of determining the nature, extent and probable duration of the injury received by the employee, *and for the purpose of ascertaining the amount of compensation which may be due the employee from time to time for disability according to the provisions of this Act.*
\* \* \*

\* \* \*

If the employee refuses so to submit himself to examination or unnecessarily obstructs the same, his right to compensation payments shall be temporarily suspended until such examination shall have taken place, and no compensation shall be payable under this Act for such period." (Emphasis added.) 820 ILCS 305/12 (West 1996).

Claimant contends that section 12 does not authorize the order requiring him to submit to a medical examination. We disagree. Given its plain and ordinary meaning, the language of section 12 authorizes the medical exam here at issue. Claimant is "[a]n employee entitled to receive disability payments" (820 ILCS 305/12 (West

1996)), having been awarded permanent total disability for life pursuant to section 8(f). Claimant concedes that employer requested a section 12 medical exam of claimant at employer's expense and at claimant's convenience. Accordingly, pursuant to section 12, claimant "shall be required *** to submit himself *** for examination *** for the purpose of ascertaining the amount of compensation which may be due [claimant] from time to time for disability according to the provisions of this Act" (820 ILCS 305/12 (West 1996)). Employer requested the medical exam of claimant for the purpose of ascertaining whether the amount of compensation owed claimant possibly may be modified pursuant to section 8(f) of the Act. Therefore, section 12 authorizes the order requiring claimant to submit to a medical exam.

Claimant, however, argues that section 12 does not authorize the order requiring him to submit to a medical exam because his permanent total disability award under section 8(f) is final. According to claimant, when section 12 refers to the medical exam being "for the purpose of ascertaining the amount of compensation which may be due the employee from time to time for disability according to the provisions of this Act" (820 ILCS 305/12 (West 1996)), it is referring only to awards that are not final, such as temporary disability awards. We disagree with claimant that section 12's language is limited to only nonfinal awards. Section 12 requires employees entitled to receive disability payments to submit to medical exams at the employer's request "for the purpose of ascertaining the amount of compensation which may be due the employee from time to time for disability according to the provisions of this Act" (820 ILCS 305/12 (West 1996)). According to section 8(f) of the Act, a final section 8(f) award for permanent total disability is modifiable under certain circumstances. Thus, this quoted language from section 12 allows for a medical exam so

that an employer can ascertain whether the amount of compensation owed a claimant possibly may be modified pursuant to section 8(f)'s provisions.

Claimant also submits that actual earnings are required before a section 8(f) award for permanent total disability may be modified pursuant to section 8(f). Consequently, claimant argues, a change to one's physical disability is not relevant to the question of whether such an award is modifiable under section 8(f). The plain language of section 8(f) belies claimant's position. Section 8(f) allows for the modification of a section 8(f) award for permanent total disability where the claimant "returns to work, *or is able to do so*, and earns *or is able to earn.*" (Emphasis added.) 820 ILCS 305/8(f) (West 1996). A section 8(f) modification, therefore, is not limited to situations where the claimant has actual earnings. Rather, a section 8(f) modification is obtainable where the employer proves that the claimant is able to return to work and able to earn. A change to a claimant's physical disability is relevant to these determinations.

Claimant argues in the alternative that employer is not entitled to a section 12 medical exam unless employer first files a section 8(f) petition to modify claimant's compensation. We reject this argument. Section 12 does not contain any language restricting an employer's right to a medical exam in this manner. We will not engraft such a restriction onto section 12. See *Jackson Coal Co. v. Industrial Comm'n*, 295 Ill. 18, 20-21 (1920) (declining to read a restriction into section 12). We also reject claimant's assertion that requiring him to submit to a medical exam when no other proceeding is pending before the Commission serves no meaningful purpose. A medical exam may be required for an employer to determine whether grounds exist for filing a petition to modify a claimant's benefits pursuant to the terms of section 8(f).

As a final matter, claimant contends that requiring

claimants to submit to medical exams when no other proceeding is pending would open the door to the harassment of claimants by employers who demand exams after awards have been made. Claimant fears that employers may improperly utilize section 12 in an attempt to cut off liability.

Of course section 12 should not be used for the improper purpose of harassing claimants or in a wrongful attempt to cut off a claimant's compensation. These mere possibilities, though, do not persuade us to disregard the plain meaning of the language in sections 12 and 8(f) of the Act. Section 12 authorizes medical exams without requiring a pending petition for modification, and section 8(f) allows for the modification of a section 8(f) award for permanent total disability where the claimant has returned to work or is able to do so and is earning money or has the ability to earn. A medical exam will often be the best method of ascertaining whether the claimant currently is able to work and able to earn within the meaning of section 8(f). We note, moreover, that claimant's fear that employers will improperly utilize section 12 in an attempt to cut off liability fails to acknowledge the manner in which section 12 operates. Section 12 cannot be utilized to suspend a claimant's compensation unless the claimant refuses to comply with a proper request for a medical exam. 820 ILCS 305/12 (West 1996). A claimant, therefore, can avoid a suspension of compensation under section 12 through compliance.

## CONCLUSION

For the reasons stated, the Commission's order requiring claimant to submit to a medical exam was proper. Accordingly, the appellate court's judgment, affirming the judgment of the circuit court and the decision of the Commission, is affirmed.

*Affirmed.*