THE CITY OF CHICAGO, Appellant, v. THE INDUSTRIAL COMMISSION
*et al.* (Giuseppe Cianci, Appellee).

First District (Industrial Commission Division)   No. 1—01—2959WC

Opinion filed May 23, 2002.—Rehearing denied June 20, 2002.

Gerald F. Cooper, Jr., of Scopelitis, Garvin, Light & Hanson, of Chicago, for appellant.

Joseph J. Spingola, of Chicago, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Giuseppe Cianci was injured during an industrial accident while working for the City of Chicago. He later received a retroactive pay raise covering work he performed before his accident. He filed an application for adjustment of claim seeking workers' compensation benefits for his injuries. The matter proceeded to an arbitration hearing. When calculating Cianci's average weekly wage (AWW), the arbitrator refused to consider his earnings from the retroactive pay raise. On review, the Illinois Industrial Commission (Commission) held that the retroactive earnings should be included in the AWW

calculation. The Cook County circuit court confirmed the Commission's holding, and the City filed this appeal. We affirm.

## BACKGROUND

Cianci's industrial accident occurred on February 14, 1996. At that time, his labor union was negotiating a pay raise with a retroactive effective date of July 1, 1995. Cianci testified that he knew the negotiations were occurring when he was injured. The raise was later approved, and Cianci received a lump-sum payment for the amount that accrued between July 1, 1995, and his accident. He testified that he was familiar with this procedure and had received other retroactive raises in the past.

At the arbitration hearing, the arbitrator awarded permanent total disability benefits based on an AWW of $670.82. That figure did not include the earnings from Cianci's retroactive pay raise. The arbitrator excluded such earnings because "the retroactive pay raise was not in effect *at the time of the injury.*" (Emphasis in original.)

Both parties sought review of the arbitrator's decision before the Commission, which modified Cianci's AWW to include the earnings from his retroactive pay raise. The modification resulted in an AWW of $698.83. The Commission otherwise affirmed and adopted the arbitrator's decision.

The City appealed the Commission's AWW modification to the Cook County circuit court. The court confirmed the modification, and the City filed this appeal.

## STANDARD OF REVIEW

The City's claim turns on construction of section 10 of the Workers' Compensation Act (820 ILCS 305/10 (West 2000)). Statutory construction involves a question of law invoking *de novo* review. *King v. Industrial Comm'n*, 189 Ill. 2d 167 (2000).

## ANALYSIS

■ The primary goal of statutory construction is to ascertain and effectuate the legislature's intent. *Modern Drop Forge Corp. v. Industrial Comm'n*, 284 Ill. App. 3d 259 (1996). The best indicator of legislative intent is the plain and ordinary meaning of the statutory language. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469 (1994). We will not resort to extrinsic aids for construction in lieu of applying such meaning. See *Bogseth v. Emanuel*, 166 Ill. 2d 507 (1995).

■ Section 10 reads:

"The compensation shall be computed on the basis of the 'Average weekly wage' which shall mean the actual earnings of the employee in the employment in which he was working at the time of the

injury during the period of 52 weeks ending with the last day of the employee's last full pay period immediately preceding the date of injury, illness or disablement excluding overtime, and bonus divided by 52 ***." 820 ILCS 305/10 (West 2000).

Accordingly, a claimant's AWW is determined by (1) ascertaining how much money he actually earned during the 52 weeks preceding his injury, and (2) dividing that figure by 52.

■ The instant issue arises from the first step of this process. The relevant inquiry is whether Cianci's retroactive pay raise qualifies as "actual earnings" for purposes of section 10. The plain meaning of the term "earnings" warrants an affirmative answer. A claimant earns wages when he completes the work for which the wages are remuneration. See, *e.g.*, Black's Law Dictionary 525 (7th ed. 1999) (to "earn" means "[t]o do something that entitles one to a reward or result, whether it is received or not"). There is no dispute that Cianci's retroactive pay raise was remuneration for work he completed during the relevant 52-week period. Thus, the Commission properly included the raise when calculating his AWW.

During its oral argument, the City emphasized the word "actual" to assert that only "presently existing" wages should be included in an AWW calculation. However, since "actual" is an adjective that modifies the word "earnings" in section 10, the definition of "earnings" is dispositive. In any event, Cianci's retroactive wages are no less "actual" (*i.e.*, existing in fact) than the wages he received before his injury. We realize that the City was not contractually bound to pay the disputed wages when Cianci was injured. However, we fail to see how this fact can benefit the City in light of its subsequent agreement to pay the wages based on work Cianci performed before his injury.

Maintaining its focus on sequence, the City stresses the language from section 10 regarding the 52-week period *preceding* a claimant's injury. According to the City, that language excludes Cianci's retroactive wages because he did not receive them until after his injury. Again we note that the decisive factor in section 10 is the amount of money a claimant actually earns, not the amount he actually receives, during the prescribed 52-week period. The fact of earning is independent from the fact of receiving what has been earned. Cianci's AWW includes his retroactive pay raise because he earned the raise during the prescribed period. His receipt of the raise at a later date is immaterial in light of the language in section 10.

Appellate courts in other jurisdictions have reached the same conclusion. See *Tampa Electric Co. v. Bradshaw*, 477 So. 2d 624 (Fla. App. 1985) (distinguishing between wages actually earned and wages actually paid during relevant statutory period); *The Carl Gunderson*

*Case,* 423 Mass. 642, 670 N.E.2d 386 (1996) (same); see also *Coffin v. Hannaford Brothers Co.,* 396 A.2d 1007 (Me. 1979) (including retroactive earnings in AWW calculation despite statute defining AWW in terms of amount claimant was receiving when injured).

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment confirming the Commission's holding that Cianci's AWW includes the earnings from his retroactive pay raise.

Affirmed.

McCULLOUGH, P.J., and HOFFMAN, O'MALLEY and RARICK, JJ., concur.