BOYD ELECTRIC, Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (William Dee, Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—09—0766WC

Opinion filed July 13, 2010.

Eugene F. Keefe, of Keefe, Campbell & Associates, LLC, of Chicago, for appellant.

Richard E. Aleksy and Megan C. Kivisto, both of Corti, Aleksy & Castaneda, of Chicago, for appellee.

JUSTICE DONOVAN delivered the opinion of the court:

Respondent, Boyd Electric, filed a petition for modification of a permanent total disability (PTD) award granted to claimant, William Dee, and sought an order requiring claimant to produce income tax records and earnings records. The Illinois Workers' Compensation Commission (Commission) (820 ILCS 305/13 (West 2006)), denied respondent's petition. Respondent filed a timely petition for administrative review in the circuit court of Cook County. The circuit court confirmed the Commission's decision. On appeal, respondent contends that the decision to deny its petition to modify benefits is contrary to the plain reading of the Illinois Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2006)) and the applicable Illinois law.

On March 16, 2001, claimant suffered an injury to his hip when he lifted a heavy spool of electric cable while performing duties in the course of his employment with respondent. Claimant experienced increasing hip pain that eventually required bilateral hip replacement surgery. He did not return to work for respondent.

Claimant filed an application for adjustment of claim alleging that he sustained a work-related injury on March 26, 2001, while lifting a heavy spool of electrical cable in the course of his employment with respondent. During the evidentiary hearing on September 7, 2006, the parties stipulated that claimant sustained a work-related injury to his hip on March 26, 2001, and that he was not a candidate for vocational rehabilitation. Upon considering the stipulation and the medical records submitted by claimant, the arbitrator found that claimant was permanently and totally disabled under section 8 of the Act (820 ILCS 305/8 (West 2006)). The arbitrator awarded claimant temporary total disability benefits for a period of $284^2/7$ weeks, from March 27, 2001, through September 6, 2006, and a weekly PTD benefit of $866.67 for the remainder of claimant's life or the duration of the disability. The arbitrator's decision was filed with the Commission on October 10, 2006.

On June 25, 2008, respondent filed a petition to modify claimant's benefits pursuant to section 8(f) (820 ILCS 305/8(f) (West 2006)) and alleged that it had made an inquiry into claimant's "current and recent earnings with counsel for claimant and he has unequivocally refused to provide earnings information." Respondent claimed that it had a right "to seasonably inquire into either the medical status or earnings of claimant." Respondent sought an order requiring disclosure of claimant's current and recent earnings information or a termination of benefits until claimant disclosed the information. Claimant filed a response and asserted that he refused respondent's request for his income tax records and earnings records on grounds that respondent is not entitled to the records and the requested information is extant.

The Commission considered respondent's petition for modification of benefits during a hearing on July 14, 2008. There is no record of the proceedings before the Commission, and neither party filed a bystander's report (210 Ill. 2d R. 323(c)). In an order dated July 14, 2008, the Commission denied respondent's petition. Respondent filed a petition for administrative review in the circuit court of Cook County. The circuit court confirmed the Commission's decision. In its written order, the court specifically ruled that respondent was not entitled to review claimant's tax returns as part of its petition for modification.

On appeal, respondent contends that pursuant to section 8(f) of the Act and *King v. Industrial Comm'n*, 189 Ill. 2d 167, 724 N.E.2d

896 (2000), it has a right to inquire into the medical status or the earnings of claimant for the purpose of determining whether claimant's benefits should be modified or terminated. Respondent asserts that section 8(f) allows it to conduct an occasional and timely investigation into claimant's medical condition or earnings status, and that it merely requested copies of claimant's income tax returns to verify claimant's employment and earnings status.

The issue raised in this appeal involves a question of statutory interpretation. Statutory interpretation is a question of law that is reviewed *de novo. King*, 189 Ill. 2d at 171, 724 N.E.2d at 898.

Section 8(f) of the Act provides in pertinent part:

> "In case of complete disability, which renders the employee wholly and permanently incapable of work, or in the specific case of total and permanent disability as provided in subparagraph 18 of paragraph (e) of this Section, compensation shall be payable at the rate provided in subparagraph 2 of paragraph (b) of this Section for life.
> \*\*\*
>
> If any employee who receives an award under this paragraph afterwards returns to work or is able to do so, and earns or is able to earn as much as before the accident, payments under such award shall cease. If such employee returns to work, or is able to do so, and earns or is able to earn part but not as much as before the accident, such award shall be modified so as to conform to an award under paragraph (d) of this Section. If such award is terminated or reduced under the provisions of this paragraph, such employees have the right at any time within 30 months after the date of such termination or reduction to file a petition with the Commission for the purpose of determining whether any disability exists as a result of the original accidental injury and the extent thereof." 820 ILCS 305/8(f) (West 2006).

Section 12 of the Act provides in pertinent part:

> "An employee entitled to receive disability payments shall be required, if requested by the employer, to submit himself, at the expense of the employer, for examination to a duly qualified medical practitioner or surgeon selected by the employer, at any time and place reasonably convenient for the employee, either within or without the State of Illinois, for the purpose of determining the nature, extent and probable duration of the injury received by the employee, and for the purpose of ascertaining the amount of compensation which may be due the employee from time to time for disability according to the provisions of the Act. An employee may also be required to submit himself for examination by medical experts under subsection (c) of Section 19." 820 ILCS 305/12 (West 2006).

Section 8(f) sets forth a procedure for seeking modification of a PTD award. See *King*, 189 Ill. 2d at 172, 724 N.E.2d at 899. In accordance with the plain language of section 8(f), a petition for modification of a PTD award is addressed to whether the employee has returned to work or is able to do so and to the employee's earnings or ability to earn. *King*, 189 Ill. 2d at 172, 724 N.E.2d at 899. The employer bears the burden to show that the employee's award should be modified pursuant to the provisions of section 8(f). *King*, 189 Ill. 2d at 172, 724 N.E.2d at 899.

In accordance with section 12, an employee entitled to receive disability payments is required to submit to medical exams at the employer's request in order to ascertain "the amount of compensation which may be due the employee from time to time for disability according to the provisions of this Act." 820 ILCS 305/12 (West 2006). The Illinois Supreme Court has concluded that an employee who receives PTD benefits is an employee entitled to receive disability payments under section 12 of the Act. The supreme court further concluded that the plain language in section 12 allows an employer to request an employee who receives PTD benefits to submit to a medical examination even though the employer has not filed a section 8(f) petition for modification. *King*, 189 Ill. 2d at 174-75, 724 N.E.2d at 900. The supreme court noted that a change in claimant's physical disability is relevant in considering whether claimant is able to return to work or is able to earn, and that a section 12 medical evaluation may be required in order for an employer to determine whether grounds exist for filing a section 8(f) petition to modify. *King*, 189 Ill. 2d at 175, 724 N.E.2d at 900-01.

In this case, respondent argues for an extension of the holding in *King* to require an employee who receives PTD benefits to produce his income tax records and earnings information upon a request from his employer. We note that respondent has not pointed to any provision in the Act, akin to section 12, that would authorize an employer to demand income tax records from an employee receiving PTD benefits or that would require an employee to produce such records. The Commission has been granted statutory authority to make and publish procedural rules, and in exercising its authority, the Commission is under a mandate to make the rules and procedures "as simple and summary" as is reasonable. See 820 ILCS 305/16 (West 2006). The procedural rules made and implemented by the Commission do not provide for pretrial discovery. See 50 Ill. Adm. Code §7020.10 *et seq.*, amended at 15 Ill. Reg. 8221, eff. May 17, 1991; *Walton v. Illinois Bell Telephone Co.*, 353 Ill. App. 3d 555, 559-60, 818 N.E.2d 1242, 1245-46 (2004). In addition, the Act does not provide for a formal pretrial

discovery process. See *Chidichimo v. University of Chicago Press*, 289 Ill. App. 3d 6, 11, 681 N.E.2d 107, 110 (1997). Amendments or additions to the Commission's procedural rules are within the purview of the Commission. 820 ILCS 305/16 (West 2006). The changes advanced by respondent are properly directed to the legislature or the Commission and not to a court of review.

In this case, respondent has not presented any authority to support its request for production of claimant's income tax records and earnings information. There is no indication in the record that respondent sought a section 12 examination, the statutory provision for evaluating any possible change in claimant's disability status, or that it presented witnesses to testify in regard to claimant's capacity to work. See, *e.g.*, *Keystone Steel & Wire Co. v. Industrial Comm'n*, 85 Ill. 2d 178, 421 N.E.2d 918 (1981) (factual issue arose where respondent offered testimony of three coworkers who stated that they had personally observed claimant perform manual labor and claimant offered testimony of himself and his two sons as to the nature of that labor). The Commission did not err in denying respondent's petition for modification and its request for production of earnings information.

Accordingly, the decision of the circuit court confirming the decision of the Commission is affirmed.

Affirmed.

McCULLOUGH, P.J., and HOFFMAN, HUDSON, and HOLD-RIDGE, JJ., concur.