# Illinois Official Reports

## Appellate Court

---

*In re Application of the County Treasurer & ex officio County Collector*,
2020 IL App (1st) 190722

---

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Order of Judgment and Sale of Lands and Lots Upon Which All or a Part of the Real Estate Taxes Are Delinquent, Including General and Special Taxes, Costs, and Interest Due Thereon (GT Alternatives, LLC, Petitioner-Appellant, v. Maria Pappas, in Her Official Capacity as Cook County Treasurer and *ex officio* Cook County Collector, Respondent-Appellee). |
| District & No. | First District, Fourth Division<br>No. 1-19-0722 |
| Filed | April 9, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-COTD-3628; the Hon. Maureen O. Hannon, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Kurt H. Feuer, of Evanston, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeil Stein and Sarah Cunningham, Assistant State's Attorneys, of counsel), for appellee. |

JUSTICE BURKE delivered the judgment of the court, with opinion.
                    Justices Lampkin and Reyes concurred in the judgment and opinion.


## OPINION


¶ 1       Appellant, GT Alternatives, LLC, purchased a tax certificate for a property at the July 2017 Cook County scavenger sale (35 ILCS 200/21-145 (West 2016)). The tax certificate covered the tax years 1997 through 2015 for the property. At the time the appellee, Maria Pappas, as Cook County Treasurer and *ex officio* Cook County Collector (hereinafter the Collector), published the sale, the first installment property taxes for the tax year 2016 were delinquent as to the subject property but were not included in the scavenger sale. Appellant filed a petition in the circuit court seeking an order declaring the sale in error based on the failure of the Collector and the Cook County Clerk to include the 2016 first installment tax liability in the scavenger sale. The Collector opposed the petition, contending that, because the 2016 first installment was merely a tax estimate, it did not reflect the actual 2016 tax liability for the property and, thus, was properly not included in the scavenger sale. The circuit court agreed and denied appellant's petition.

¶ 2       On appeal, appellant raises the same contentions in the petition it filed before the circuit court. Appellant asserts that the plain language of the Property Tax Code provides that a publication for a scavenger sale should include all the taxes that are delinquent as to the subject property, including those taxes that are delinquent in the current tax year. 35 ILCS 200/21-145 (West 2016). Appellant contends that, because the first installment 2016 property taxes were delinquent at the time of the publication of the scavenger sale, it was error for the Collector to not include those taxes in the sale. Appellant asserts that the circuit court's ruling contradicts the plain and unambiguous language of the Property Tax Code. Appellant maintains that whether the first installment of taxes is only an estimate of the total year's tax liability has no bearing on whether those taxes should be included in the scavenger sale if they are delinquent. Appellant contends that the circuit court therefore erred in denying his petition and the sale should be found in error. For the reasons that follow, we affirm the judgment of the circuit court.


¶ 3                                  I. BACKGROUND

¶ 4       The record shows that on July 8, 2017, appellant purchased a tax certificate on a property at the Cook County 2017 Scavenger Sale. The Certificate of Purchase indicates that the "Tax Years Delinquent" on the property were 1997 through 2015. Appellant obtained a certificate of purchase for the property on September 20, 2017.

¶ 5       On January 14, 2019, appellant filed an amended petition for an order declaring the sale in error pursuant to section 21-310(a)(5) of the Property Tax Code. 35 ILCS 200/21-310(a)(5) (West 2016). In the petition, appellant contended that the Collector and the County Clerk failed to comply with the provisions of the Property Tax Code by failing to include the 2016 first installment tax bill in the scavenger sale. Appellant pointed out that section 21-145 of the Property Tax Code provides that, when the Collector publishes a scavenger sale, the publication shall give "notice of the intended application for judgment and sale of all properties upon which all or a part of the general taxes for each of 3 or more years, including the current

tax year, are delinquent as of the date of the advertisement." 35 ILCS 200/21-145 (West 2016). Appellant contended that the sale, occurring in 2017, incorrectly included only the delinquent taxes from 1997 through 2015 but that it should have also included the first installment 2016 taxes because those taxes were also delinquent at the time of the scavenger sale. Appellant therefore sought a vacation of the sale and a refund in the amount of the certificate of purchase.

¶ 6 The Collector filed a response to appellant's petition in which it contended that the manner in which it interprets the law it administers should be afforded " 'considerable deference.' " The Collector asserted that, under its administration of the statute's mandates, a delinquent first installment should not be subject to sale in a scavenger sale until after the second installment is due and also delinquent. The Collector contended that this is because the first installment tax bill is merely an estimate of the taxes due for the current tax year, computed based on the prior year's total tax. The Collector asserted that therefore only the second installment tax bills reflected the actual tax due for the current tax year and the Collector could not sell property based on an estimated tax delinquency from the first installment only. The Collector contended that section 21-145's provision that "all or part of the general taxes" must be included in the publication of the scavenger sale refers to any part of the general taxes that remain unpaid after the second installment becomes delinquent. The Collector maintained that this language cannot refer to a first installment delinquency because then the Collector "would be put in the impossible position of selling an estimate, which is not a final tax liability."

¶ 7 Appellant filed a reply in support of its motion, in which it maintained that the plain language of section 21-145 demonstrated that it was error for the Collector to omit the first installment 2016 property taxes from the 2017 scavenger sale. Appellant noted that the Collector acknowledged that the 2016 first installment tax bill was delinquent at the time of the sale and pointed out that section 21-145 requires all the delinquent taxes to be included in the scavenger sale. Appellant contended that section 21-145 and related sections did not distinguish between first and second installments and showed that the taxpayer's failure to pay the first installment results in a delinquency. Appellant asserted that, therefore, the fact that the first installment is an estimate has no bearing on the taxpayer's liability to pay the amount due.

¶ 8 Following oral arguments from both parties, the circuit court denied appellant's petition. The circuit court found that this was an issue of "first impression" for the court, and the court could "find no other case law right on point." The court found the reasoning in the Collector's response was sound and that the court should afford considerable deference to the Collector's interpretation of the statute. The court found that therefore the Collector's interpretation of the statute should prevail and, "if the first installment is only an estimate and not a final declaration of liability, then they have the right to wait until the full year's tax liability is clear and then include that once it's made final." Appellant now appeals.

¶ 9                                              II. ANALYSIS

¶ 10 On appeal, appellant contends that the circuit court erred in denying its petition where the plain and unambiguous language of section 21-145 and related sections show that the Collector erred in failing to include the first installment 2016 property taxes in the 2017 scavenger sale. Appellant asserts that the statute does not distinguish between first or second installment taxes and merely refers to all taxes that are delinquent at the time of the sale, including the taxes for the current tax year. Appellant maintains that there is nothing in the Property Tax Code that would prohibit the Collector from including delinquent first installment taxes in the scavenger

sale and that excluding these taxes improperly conceals the actual tax liability from a tax buyer seeking to purchase a tax certificate for the property at the scavenger sale. Appellant contends that the circuit court erred in accepting the Collector's interpretation of the statute and maintains that we should reverse the circuit court's order and grant the petition for sale in error.

¶ 11                                    A. Standard of Review

¶ 12        On review, we are presented with a question of statutory interpretation, which we review *de novo*. *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 50. "The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent." *Schultz v. Performance Lighting, Inc.*, 2013 IL 115738, ¶ 12. Where a statute is clear and unambiguous, we should apply the statutory language as written, without resorting to further aids of statutory construction. *Gaffney*, 2012 IL 110012, ¶ 56. In the case at bar, both parties maintain that the section 21-145 is clear and unambiguous.

¶ 13                                       B. Scavenger Sale

¶ 14        In order to address the parties' arguments, we must first establish the process by which the county sells its delinquent taxes under the Property Tax Code. 35 ILCS 200/1-1 *et seq.* (West 2016). One of the methods available to the county for selling delinquent real estate is an annual tax sale. See *In re Application of County Collector for Delinquent Taxes, for at Least Five Years Prior to 1987*, 155 Ill. 2d 520, 523 (1993); 35 ILCS 200/21-110 (West 2016). Properties not sold at the annual sale may be sold at a scavenger sale, which the county must hold at least every two years. 35 ILCS 200/21-145 (West 2016). The publication process for a scavenger sale is outlined in section 21-145 of the Property Tax Code, which provides that the Collector must publish an advertisement "giving notice of the intended application for judgment and sale of all properties upon which all or a part of the general taxes for each of 3 or more years, including the current tax year, are delinquent as of the date of the advertisement." *Id.* "The scavenger sale is a measure of last resort, and is designed to restore the subject property to tax-paying status after 'other methods of tax collection have been exhausted.' " *In re Application of County Collector for Delinquent Taxes*, 155 Ill. 2d at 523-24 (quoting *In re Application of Rosewell*, 97 Ill. 2d 434, 442-43 (1983)). At a scavenger sale, the tax buyer may pay less than the full amount of taxes owed on a property at the time of sale, but all property must be purchased at a minimum bid set out by the statute. See 35 ILCS 200/21-260 (West 2016).

¶ 15        In the event an error occurs in relation to a tax sale, the Property Tax Code provides that the sale may be declared a "sale in error" and vacated. 35 ILCS 200/21-310 (West 2016). Section 21-310 of the Property Tax Code provides that any party to the sale may petition the court to find the sale in error under various circumstances, including when "the assessor, chief county assessment officer, board of review, board of appeals, or other county official has made an error." 35 ILCS 200/21-310(a)(5) (West 2016).

¶ 16                                C. The Parties' Interpretations

¶ 17        The parties' arguments on appeal largely mirror their pleadings before the circuit court. The resolution in this case turns on the interpretation of section 21-145 that the publication under that section must give notice "of the intended application for judgment and sale of all properties upon which all or a part of the general taxes for each of 3 or more years, including the current tax year, are delinquent as of the date of the advertisement." 35 ILCS 200/21-145

(West 2016). As noted, both parties maintain that the language of the statute is clear and unambiguous. The parties disagree, however, as to what this clear and unambiguous language means. Appellant contends that the language plainly refers to "all" of the delinquent taxes, including those taxes that are delinquent in "the current tax year." Appellant contends that, therefore, the plain language of the statute required the Collector to include the first installment 2016 taxes in the publication and scavenger sale.

¶ 18    The Collector contends, however, that the "only possible meaning for this statutory provision" is that the Collector is required to include in the scavenger sale all or part "of the general taxes that remain unpaid after the due date of the second installment." The Collector's argument is based on Cook County's accelerated billing practices, whereby the first installment tax bill for the year is an estimate based on 55% of the total tax bill of the prior year and the "actual" tax bill is the second installment. 35 ILCS 200/21-30 (West 2016). The Collector contends that it could not include the first installment estimated tax bill in the scavenger sale because it is not the actual tax liability for the property, which is not set until the second installment tax bill.

¶ 19    As the circuit court recognized, this is a question of first impression in Illinois. Our research reveals no other decision by other courts of review of this State interpreting whether this section requires the Collector to include the first installment tax bill in the scavenger sale.

¶ 20    We find that a review of related sections in the Property Tax Code will provide necessary context for addressing the parties' contentions. As noted, the scavenger sale is the Collector's "last resort" in the enforcement of its tax-collecting obligation. *In re Application of County Collector for Delinquent Taxes*, 155 Ill. 2d at 523-24. Prior to a scavenger sale, properties with delinquent tax obligations may be sold at an annual sale. *In re Application of Rosewell*, 97 Ill. 2d at 437; 35 ILCS 200/21-110 (West 2016). Section 21-110 provides that "[a]t any time after *all taxes* have become delinquent in any year, the Collector shall publish an advertisement, giving notice of the intended application for judgment and sale of the delinquent properties." (Emphasis added.) 35 ILCS 200/21-110 (West 2016). Thus, section 21-110's provision that "all taxes" must be delinquent in a given year would seem to suggest that properties included in the annual sale are limited to those where the property taxes are delinquent after the due date of the second installment for that tax year. It would seem to logically follow, therefore, that, as a scavenger sale takes place only after a property has been subject to the annual sale and only after the general taxes for the property have been delinquent for three or more years, that the scavenger sale should also follow the same procedures of section 21-110 and include the taxes in a given year only after "all taxes" in that year are delinquent; meaning the first *and* second installment tax bills.

¶ 21    Section 21-145, however, provides that when the Collector publishes a scavenger sale, the publication shall give "notice of the intended application for judgment and sale of all properties upon which *all or a part of* the general taxes for each of 3 or more years, *including the current tax year*, are delinquent as of the date of the advertisement." (Emphases added.) 35 ILCS 200/21-145 (West 2016). The parties' contentions, therefore, hinge on whether these provisions modify the procedures described in section 21-110 and require the Collector to include first installment tax bills in the scavenger sale if those taxes are delinquent at the time of the publication and sale.

¶ 22    Here, the Collector advocates for a structure by which first installment tax bills are not included in scavenger sales because they are an estimate and current tax year liabilities would

not be included in a scavenger sale until after the second installment tax bill had been issued and become delinquent. We observe that, although we are not bound that the Collector's interpretation of the statute, we "afford considerable deference to the interpretation placed on a statute by the agency charged with its administration." *King v. Industrial Comm'n*, 189 Ill. 2d 167, 171 (2000). Appellant contends that such deference is due only where the statute is ambiguous; however, this court affords this deference in statutory interpretation even where no ambiguity is found if the interpretation is consistent with the general statutory scheme established by the legislature. See, *e.g.*, *id.*; *Village of Arlington Heights v. Pappas*, 2016 IL App (1st) 151802, ¶ 27.

¶ 23    Our decision to defer to the interpretation advanced by the Collector is bolstered by this section's legislative history. "The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Phoenix Bond & Indemnity Co. v. Pappas*, 194 Ill. 2d 99, 106 (2000). Normally, the language used in the statute is the best indicator of legislative intent, "but where the language used leaves uncertainty as to how it should be interpreted in a particular context, the court can consider the purpose behind the law and the evils the law was designed to remedy." *Id.* We recognize that courts generally examine a statute's legislative history only where the statute is ambiguous (*Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 15), which both parties maintain is not the case here. In this case, however, we are not examining the legislative history to aid in the interpretation of the statute but rather for the purpose of demonstrating that the language in the statute was intended by the legislature to give effect to the Collector's interpretation and implementation of the statute.

¶ 24    The language "including the current tax year" was added to section 21-145 by Public Act 89-695 (eff. Dec. 31, 1996) (amending 35 ILCS 200/21-145). Prior to the vote adopting the amendment before the Illinois House of Representatives, Representative Moffitt explained that the amendment was intended to

"put[ ] in statute [*sic*] what is generally the practice regarding scavenger sales. And that is that to go to a scavenger sale, the property has to be delinquent for two[1] or more years, including the current tax year. The statute is basically silent on that although that is general practice. This is simply putting in statute what I think pretty much all counties do, and county treasurers were in favor so that it clarifies what they are actually… have been doing as matter of practice." 89th Ill. Gen. Assem., House Proceedings, Nov. 20, 1996, at 25-26 (statements of Representative Moffitt).

¶ 25    These comments thus illustrate that the legislature intended to codify the process by which the Collector was conducting scavenger sales and show the legislature's deference to the manner in which the Collector conducted the scavenger sale. We find that same deference is warranted with regard to the issue raised here. The Collector has conducted the scavenger sale in accordance with section 21-145 on the basis that first installment tax bills are not included by the language of the statute because they are merely estimates of tax liability and do not represent the "actual" amount of taxes due in the given year. This specific policy adopted by the Collector is consistent with the general statutory scheme established by the legislature in sections 21-30 and 21-145 of the Property Tax Code. See *Village of Arlington Heights*, 2016 IL App (1st) 151802, ¶ 27. Accordingly, we find that the circuit court did not err in adopting

---

[1]The number of years delinquent was later changed from two years to three years. Pub. Act 98-277, § 5 (eff. Aug. 9, 2013) (amending 35 ILCS 200/21-145).

the Collector's interpretation of the statute and denying appellant's petition for a sale in error.

¶ 26                                    III. CONCLUSION

¶ 27        For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 28        Affirmed.